DOWNEY, Judge.
We have reviewed the record and briefs in this case and we find the judgment and sentence appealed from must be reversed.
The search giving rise to the incriminating evidence upon which appellant was convicted was an unlawful search and thus the trial court should have granted appellant’s motion to suppress said evidence. We note in passing that we have recently affirmed a revocation of appellant’s probation based upon the very evidence we now hold must be suppressed. Lest we be charged with inconsistency, we point out that the tainted evidence is not subject to the rule of exclusion in probation revocation proceedings. Thus, that evidence could be considered by the trial judge in that administrative proceeding, but not in a criminal prosecution for the new offense. Croteau v. State, 334 So.2d 577 (Fla.1976).
Accordingly, the judgment and sentence appealed from is reversed and the cause is remanded to the trial court with directions to grant the appellant’s motion to suppress and for appropriate further proceedings.
REVERSED AND REMANDED, with directions.
MAGER and CROSS, JJ., concur.