360 So.2d 127 (1978)
Johnie James LATHAM, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. DD-196.
District Court of Appeal of Florida, First District.
June 21, 1978.
Rehearing Denied July 26, 1978.
*128 Woodburn S. Wesley, Jr., of Cotton & Wesley, Fort Walton Beach, for appellant.
Robert L. Shevin, Atty. Gen., Patti Englander, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Latham was charged with grand larceny. He pled nolo contendere. The trial court withheld adjudication and placed him on probation. Approximately eight months later, Latham was charged with violation of probation. Following a hearing, the court found that he had violated the terms of his probation. Latham was adjudicated guilty of grand larceny and sentenced to three years imprisonment. He appeals.
Latham's contention that the court erred in denying his motion to suppress is without merit. The exclusionary rule does not apply to probation revocation hearings. Croteau v. State, 334 So.2d 577 (Fla. 1976).
Latham's argument that the trial court erred in failing to state in writing the evidence relied upon and the reasons for revoking Latham's probation is without merit. The Circuit Court is a court of record, therefore, the court reporter's transcript of the probation revocation hearing provides an opportunity for review of the revocation hearing superior to the written statement of evidence and reasons required by Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Singletary v. State, 290 So.2d 116 (Fla. 4th DCA 1974). We have a full transcript of the revocation hearing before us in this appeal.
Lastly, Latham urges that the court erred in revoking his probation because the State failed to identify him at the hearing. We have read the transcript of the revocation hearing and though the identification of Latham was not as formal as would be required at a trial, at a revocation hearing which does not require strict adherence to substantive and procedural rights, it was sufficient.
We affirm the judgment.
BOYER, Acting C.J., and ERVIN, J., concur.