PER CURIAM.
Angelo Pedroso appeals from the revocation of his probation on the grounds that the trial court erred by revoking the appellant’s probation on several grounds which were not proven. While we partially agree with the appellant’s contention, we find no need to reverse. One ground relied upon by the trial court in revoking the appellant’s probation was the appellant’s unauthorized entry into Universal Car Loading and Distributing Company in Tampa, Florida. There was sufficient evidence *1125 to satisfy the conscience of the court that the appellant violated both Section 810.08, Florida Statutes (1977), and condition (4) of his probation by this offense. See Bernhardt v. State, 288 So.2d 490 (Fla.1974). A second ground for the revocation order was that the appellant violated the special condition of his probation order requiring him to make child support payments. The appellant pleaded guilty to this violation; it is well-settled that a guilty plea “is an in-court confession and an agreement for the court to enter a judgment of conviction.” Robinson v. State, 373 So.2d 898, 902 (Fla.1979). We find no error in the lower court’s revocation of the appellant’s probation on this ground.
Accordingly, we affirm the revocation of appellant’s probation on the grounds that he violated condition (4) of his probation by the unauthorized entry into the Universal Car Loading and Distributing Company building, and that he violated the special condition of his probation by failing to make child support payments. We strike from the revocation order the finding that the appellant violated conditions (2) and (7) and the finding that he violated the second “special condition” of his probation. The order, judgment and sentence are affirmed in all other respects.
GRIMES, C. J., and RYDER and DAN-AHY, JJ., concur.