399 So.2d 992 (1981)
Nicolaas Mathias HUPPERTZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-2303.
District Court of Appeal of Florida, Third District.
May 12, 1981.
Rehearing Denied July 10, 1981.
Bennett H. Brummer, Public Defender and Lawrence J. Stein, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and James H. Greason and Theda James, Asst. Attys. Gen., for appellee.
Before SCHWARTZ and FERGUSON, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
SCHWARTZ, Judge.
Huppertz was charged with grand theft by attempting to pass a bad check and, because of that offense, with violating a term of probation for possession of a controlled substance.[1] The trial judge ruled that the check in question had been unlawfully seized from the defendant and suppressed, as to the substantive case only, both the check and a statement he made immediately after the seizure.[2] On the ground that the exclusionary rule is inapplicable to probation hearings, however, suppression was denied in that proceeding. The defendant then plead nolo to the probation violation,[3] specifically reserving the right to seek review of the order denying suppression, and now appeals from the resulting *993 revocation of probation, judgment, and sentence.[4]
Following State v. Dodd, 396 So.2d 1205 (Fla. 3d DCA 1981), we reverse with directions to restore the appellant to probation. Like Dodd and Ray v. State, 387 So.2d 995 (Fla. 4th DCA 1980), we conclude that Grubbs v. State, 373 So.2d 905 (Fla. 1979) holds that the exclusionary rule is enforceable in probation revocation proceedings and that the district courts must follow Grubbs as the latest supreme court expression on the subject. As we did in Dodd, however, we expressly state that this decision is in direct conflict with the earlier supreme court decision in Croteau v. State, 334 So.2d 577 (Fla. 1976), and certify a direct conflict with Shipp v. State, 349 So.2d 690 (Fla. 4th DCA 1977) and Latham v. State, 360 So.2d 127 (Fla. 1st DCA 1978).
Reversed.
NOTES
[1] Three other violations which were alleged in the affidavit were expressly abandoned by the state at the hearing. Their inclusion in the order of revocation was therefore obviously erroneous. Hence, the findings of violations of conditions (1), (5) and (10) are stricken from the order below. Pedroso v. State, 380 So.2d 1124 (Fla. 2d DCA 1980).
[2] Since it clearly  and concededly  appears that the check was secured by the police incident to an arrest which was not based on probable cause, this ruling was entirely correct.
[3] The state nolle prossed the grand theft case.
[4] We agree that, as indicated by the nolle prosse, the issue of the admissibility of the check was dispositive of the case, so as to permit an appeal upon a nolo plea under Brown v. State, 376 So.2d 382 (Fla. 1979).