653 So.2d 493 (1995)
Charles WOOD, Appellant,
v.
STATE of Florida, Appellee.
Nos. 94-0105, 94-0266.
District Court of Appeal of Florida, Fourth District.
April 19, 1995.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Carrion Pinson, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
Appellant, Charles Wood, defendant below (Defendant), appeals a final judgment of guilt for delivery of cocaine and violation of community *494 control. We affirm in all respects except those errors conceded by the State.
The State concedes that Defendant's two prior convictions for possession of barbiturates with intent to sell were improperly scored as second-degree felonies. Pursuant to sections 893.13(1)(a)(2), 893.03(2)(c)(3), Florida Statutes (1993), possession of barbiturates with intent to sell is a third-degree felony. In addition, the State concedes that the trial court failed to enter a written order revoking Defendant's separate order of probation. This undisputed technical error requires remand so that a written order can be entered revoking probation. See Moss v. State, 617 So.2d 473 (Fla. 4th DCA 1993). Finally, the State concedes that the trial court's written order should be corrected on remand to conform to the trial court's oral pronouncement. See Yohe v. State, 453 So.2d 206 (Fla. 4th DCA 1984).
Accordingly, we remand for resentencing to allow the trial court to correctly score the two prior offenses as third-degree felonies, enter a written order revoking Defendant's probation, and conform such written order to the trial court's oral pronouncement.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
POLEN and SHAHOOD, JJ., concur.