681 So.2d 891 (1996)
Mark MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 95-3646, 95-3647.
District Court of Appeal of Florida, Fourth District.
October 23, 1996.
*892 Richard L. Jorandby, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The appellant was placed on probation for a 1993 grand theft and was again placed on probation for a 1994 grand theft and burglary. Subsequently, amended affidavits were filed alleging multiple violations of probation. After a consolidated evidentiary hearing, the trial court revoked both probation orders.
We affirm the revocation of probation, but remand for the trial court to enter a written order reciting which of the allegations it relied upon for the revocation. See Black v. Romano, 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985); Glendon v. State, 669 So.2d 1148 (Fla. 4th DCA 1996). While the trial judge orally pronounced the grounds for revoking probation, the written order merely revokes the appellant's probation without reflecting the court's reasoning.
We also remand for resentencing as to the 1994 grand theft and burglary convictions. The written sentencing orders reflect concurrent sentences of five years' incarceration for the 1993 grand theft, nine years for the 1994 grand theft, and nine years for the 1994 burglary. Resentencing is required for the burglary conviction due to a computational error on the sentencing scoresheet. See Dawson v. State, 532 So.2d 89 (Fla. 4th DCA 1988). The appellant's total sentencing score of 131 was erroneously multiplied by 1.15, where this calculation is properly reserved for initial scores of 40 or less. Fla.R.Crim.P. 3.990(a).
Resentencing is also appropriate for the 1994 grand theft due to an ambiguous oral pronouncement by the trial court:
On the [1994] grand theft I'm not sure if you can give him nine years on the grand theft.... [T]he max you can do is five years and at that point in time we can see how much time he's got. You go with ... five years less any time served depending on how he scores on the guidelines and run that concurrent with the burglary charge.
A defendant's sentence is properly what the trial court intended it to be. Gonzales v. State, 488 So.2d 610, 611 (Fla. 4th DCA 1986). Here, however, the trial court's intent is unclear. The State concedes that this pronouncement of a tentative five-year sentence, seemingly contingent on some future guidelines score, requires clarification. This is particularly so considering that the written order for nine years' incarceration followed the court's open skepticism about the propriety of such a sentence. Accordingly, we remand for the trial court to clarify the sentence intended for the 1994 grand theft, and to enter such a corrected sentencing order as may be appropriate. See Gates v. State, 535 So.2d 359 (Fla. 4th DCA 1989).
WARNER, PARIENTE and STEVENSON, JJ., concur.