688 So.2d 1018 (1997)
Michael WATTS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1768.
District Court of Appeal of Florida, Fourth District.
March 5, 1997.
Richard L. Jorandby, Public Defender, and Ellen Morris, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William A. Spillias, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
Appellant appeals several aspects of his conviction and sentence for violation of probation. We agree with, and the state concedes, each point raised.
First, the special condition of probation requiring appellant to pay for the costs for urinalysis, breathalyzer and blood tests must be stricken because it was not orally pronounced. See Fernandez v. State, 677 So.2d 332 (Fla. 4th DCA), review dismissed, 683 So.2d 485 (Fla.1996). Second, the written order of probation should be corrected to reflect a five-year term of probation which was the period pronounced orally by the trial court at the hearing.
Lastly, we must remand for the trial court to enter a separate written order revoking probation and reflecting the reasons for the revocation. See Taylor v. State, 681 So.2d 910 (Fla. 4th DCA 1996); Mitchell v. State, 681 So.2d 891 (Fla. 4th DCA 1996); Horne v. State, 675 So.2d 247 (Fla. 4th DCA 1996); Glendon v. State, 669 So.2d 1148 (Fla. 4th DCA 1996); Wood v. State, 653 So.2d 493 (Fla. 4th DCA 1995).
We reference some of the many cases where we have addressed this same point within the last year to point out that the failure of trial courts to enter a separate *1019 written order revoking probation appears to be a recurring problem. We urge the state, as well as defense counsel, to assist the trial court in ensuring that this requirement is met in cases involving revocation of probation.
Although the procedures followed in a revocation of probation proceeding may be less formal than a full-blown criminal trial, the requirement of a written order of revocation is a mandatory one. See Black v. Romano, 471 U.S. 606, 612, 105 S.Ct. 2254, 2258, 85 L.Ed.2d 636 (1985). It also facilitates appellate review.
GLICKSTEIN and DELL, JJ., concur.