711 So.2d 96 (1998)
Larry THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2839.
District Court of Appeal of Florida, Fourth District.
April 15, 1998.
Rehearing Denied June 4, 1998.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maya Saxena, Assistant Attorney General, Ft. Lauderdale, for appellee.
KLEIN, Judge.
The appellant contends that the trial court erred in revoking his probation because all of the evidence on which the revocation was based was hearsay. We affirm.
*97 Appellant's community control officer testified as to what three witnesses, who were not present at the revocation hearing, told him. This was, of course, hearsay as is defined by section 90.801(1)(c), Florida Statutes (1995). The officer also testified, however, as to what the appellant told him by way of explanation as to why he was not where he was supposed to be under the terms of his probation. That testimony, although generally defined as hearsay, would be admissible in evidence at a criminal trial as an exception to the hearsay rule because it is an admission by a party under section 90.803(18), Florida Statutes (1995).
Although probation cannot be revoked based only on hearsay evidence which would be inadmissible at a criminal trial,[1] revocation can be grounded on a combination of that type of evidence and evidence which is admissible as an exception to the hearsay rule. McPherson v. State, 530 So.2d 1095 (Fla. 1st DCA 1988) (court could revoke probation based on hearsay inadmissible at a trial combined with appellant's statement to probation officer). The question is not, as appellant seems to believe, whether all of the evidence is generally defined as hearsay, but rather whether there is some evidence to support revocation which would be admissible at a criminal trial. Because the officer's testimony as to appellant's excuse (which conflicted with appellant's testimony at the hearing) would have been admissible at a trial, there was sufficient evidence to revoke.
We do agree with appellant that he was entitled to a written statement by the trial court reflecting the reasons for the revocation. We therefore affirm the revocation but remand for the written order. Mitchell v. State, 681 So.2d 891 (Fla. 4th DCA 1996).
STONE, C.J., and GROSS, J., concur.
NOTES
[1] Durden v. State, 577 So.2d 640 (Fla. 4th DCA 1991); Vezina v. State, 644 So.2d 602 (Fla. 1st DCA 1994); Purvis v. State, 420 So.2d 389 (Fla. 5th DCA 1982).