710 So.2d 1018 (1998)
Jerome DRAYTON a/k/a James Rogers, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0168.
District Court of Appeal of Florida, Fourth District.
May 13, 1998.
Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
Appellant, Jerome Drayton, was placed on community control pursuant to three felony convictions in October, 1995. In September, 1996, the State filed affidavits in each case alleging violations of community control. At a hearing held on December 18, 1996, the trial court heard evidence pertaining to the violations. On the record and in a written court status sheet, the trial court found appellant guilty of eight of the twelve violations alleged in one of the affidavits. These eight violations were also the sole basis for the violations of probation in the other two cases. In written sentencing orders, the trial court revoked appellant's community control and sentenced him to concurrent terms in the department of corrections.
*1019 The court status sheet complies with the due process requirement that a written order specify the reasons, i.e., the specific violations found, for a revocation of probation or community control. Cf. Watts v. State, 688 So.2d 1018 (Fla. 4th DCA 1997); Larangera v. State, 686 So.2d 697 (Fla. 4th DCA 1996); Mitchell v. State, 681 So.2d 891 (Fla. 4th DCA 1996); Glendon v. State, 669 So.2d 1148 (Fla. 4th DCA 1996); McCloud v. State, 653 So.2d 453 (Fla. 3d DCA 1995).
Appellant also argues that the written orders are deficient because they fail to delineate the specific evidence the court relied upon in finding the particular violations of community control. As we have previously held, the transcript of the hearing on the violations provides "an opportunity for review of the revocation hearing superior to the written statement of evidence and reasons required by Gagnon v. Scarpelli."[1]Latham v. State, 360 So.2d 127, 128 (Fla. 1st DCA 1978) (quoting Singletary v. State, 290 So.2d 116, 121 (Fla. 4th DCA 1974)). The transcript of the hearing, the court's oral findings, and the written order satisfy due process requirements, since they "create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation [of community control] and the evidence the decision maker relied upon." United States v. Copeland, 20 F.3d 412, 414 (11th Cir.1994); see United States v. Whalen, 82 F.3d 528, 530-31 (1st Cir.1996); United States v. Copley, 978 F.2d 829, 831-32 (4th Cir.1992).
AFFIRMED.
STONE, C.J., and KLEIN, J., concur.
NOTES
[1] 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).