763 So.2d 1127 (1999)
Anthony AIDONE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3753.
District Court of Appeal of Florida, Fourth District.
December 29, 1999.
*1128 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
DELL, J.
On May 29, 1998, appellant Anthony Aidone was arrested for possession of cocaine. He appeals the subsequent order of the trial court revoking his probation and sentencing him to incarceration on prior convictions for simple possession of cocaine, possession with intent to deliver, and possession of drug paraphernalia. Appellant's probation officer alleged by affidavit that he violated the terms of his probation by failing to live and remain at liberty without violating the law when he was arrested for possession of cocaine. The probation officer also alleged that appellant violated probation by failing to pay the costs of his supervision, court costs, and public defender fees. The trial court revoked appellant's probation without specific findings and did not enter a separate order of revocation.
Appellant raises three points on appeal: he contends that the trial court erred by revoking his probation because it failed to enter an order specifying the particular grounds for revocation of his probation; failed to find that he had the ability to pay and willfully refused to pay the costs of supervision, court costs, and public defender fees; and failed to find that his cocaine arrest was the product of entrapment. We affirm the revocation of appellant's probation, but we remand to the trial court for further proceedings as instructed below.
We agree with appellant's argument that the trial court erred by failing to specify the particular grounds for revocation of his probation. When revoking probation, a trial court must at least specify which conditions of probation have been violated, and should also relate evidence or reasons supporting the judge's findings. See Taylor v. State, 681 So.2d 910, 910 (Fla. 4th DCA 1996); Mitchell v. State, 681 So.2d 891, 892 (Fla. 4th DCA 1996) (affirming revocation but remanding for entry of written order "reciting which of the allegations it relied upon for the revocation"); see also Watts v. State, 688 So.2d 1018, 1018 (Fla. 4th DCA 1997); Larangera v. State, 686 So.2d 697, 698 (Fla. 4th DCA 1996); Glendon v. State, 669 So.2d 1148, 1148-49 (Fla. 4th DCA 1996); Powell v. State, 763 So.2d 364, 366 (Fla. 4th DCA 1998). Here, the trial court filed only a "court status report" that contained the notation, "Convicted by court of allegations" and "Probation revoked." This "court status report" does not satisfy the trial court's duty to specify the grounds for the revocation of appellant's probation. *1129 Therefore, we remand for entry of an order enumerating the grounds for revocation and providing reasons to support those findings.
Appellant also contends that revocation of his probation for failure to pay his costs of supervision, court costs, and public defender fees must be reversed because the court failed to find that he had the ability to pay and willfully refused to do so. This issue was not preserved for appeal. However, since this case must be remanded for further proceedings, we address the merits.
To revoke a defendant's probation based upon failure to fulfill a monetary condition, the trial court must specifically find that the probationer had the ability to pay and willfully refused to do so. See Stephens v. State, 630 So.2d 1090, 1091 (Fla.1994); Dirico v. State, 728 So.2d 763, 767 (Fla. 4th DCA 1999); Thompson v. State, 710 So.2d 80, 81 (Fla. 4th DCA 1998); Smith v. State, 642 So.2d 1105, 1105 (Fla. 4th DCA 1994). The State bears the burden to demonstrate appellant's ability to pay and the willful nature of his refusal. Holt v. State, 385 So.2d 1133, 1134 (Fla. 5th DCA 1980). On remand, we instruct the trial court to determine appellant's ability to pay and whether he willfully refused to do so. The trial court should then make the appropriate factual findings or, if the evidence does not support such findings, vacate this ground as a basis for revocation of appellant's probation.
In his final point on appeal, appellant argues that his most recent arrest for possession of cocaine resulted from an entrapment and therefore cannot serve as a ground for revoking his probation. Appellant argues that the actions of a confidential informant who participated in the drug transaction leading to his arrest constituted entrapment. The informant allegedly loaned appellant two hundred of the six hundred dollars he used to purchase drugs from the undercover police detective. At the revocation hearing, appellant's counsel played a tape[1] of a conversation purportedly between appellant's girlfriend and his sister, in which his girlfriend stated that the informant loaned appellant two hundred dollars. The record shows that appellant's counsel stated, in response to the court's question regarding how the tape related to the case, "[S]he'll say that the confidential informant loaned the two-hundred dollars to Mr. Aidone to do the deal and she was there present when the money was loaned."
After hearing the evidence including the tape recording, the trial court found that appellant had not met his burden for entrapment, specifically remarking that the tape suggested an ongoing relationship between appellant and the confidential informant. The court stated, "[D]uring the course of that tape, the girlfriend of Mr. Aidone indicates when he is given the two-hundred dollars from this informant, that there is a wink that takes place between them." The trial court found that the informant committed no wrongdoing in the transaction and noted that the underlying convictions for appellant's probation resulted from cocaine-related charges. The trial court concluded that appellant failed to show he was induced by the State to commit the crime and that he failed to show he lacked the predisposition.
In Munoz v. State, 629 So.2d 90 (Fla. 1993), the Florida Supreme Court clarified the precise analysis to be applied when a defendant raises an entrapment defense:
The first question to be addressed... is whether an agent of the government induced the accused to commit the offense charged. On this issue, the accused has the burden of proof and, pursuant to section 777.201, must establish this factor by a preponderance of the evidence. If the first question is answered affirmatively, then a second *1130 question arises as to whether the accused was predisposed to commit the offense charged; that is, whether the accused was awaiting any propitious opportunity or was ready and willing, without persuasion, to commit the offense.... [T]he defendant initially has the burden to establish lack of predisposition. However, as soon as the defendant produces evidence of no predisposition, the burden then shifts to the prosecution to rebut this evidence beyond a reasonable doubt. In rebutting the defendant's evidence of lack of predisposition, the prosecution may make "an appropriate and searching inquiry" into the conduct of the accused and present evidence of the accused's prior criminal history, even though such evidence is normally inadmissible.
Id. at 99; see § 777.201, Fla. Stat. (1999).
The record supports the trial court's conclusion that appellant did not demonstrate that his conduct occurred as the result of an entrapment. The record reflects that appellant has an admitted addiction to cocaine, he was on probation for cocaine-related convictions when arrested for cocaine possession, and he had some pre-existing relationship with the confidential informant in this case. The trial court did not abuse its discretion by finding that appellant was not entrapped or by finding that appellant violated the condition of probation requiring him to live and remain at liberty without violating any law.
We affirm revocation of appellant's probation on the basis that he violated the condition requiring him to live and remain at liberty without violating any law. We remand to the trial court for further proceedings consistent with this opinion.
AFFIRMED in part and REMANDED.
STONE and TAYLOR, JJ., concur.
NOTES
[1] Appellant moved to supplement the appellate record with a copy of this tape, and this Court granted his motion, but the Broward County Clerk submitted by affidavit that it did not possess the tape.