783 So.2d 337 (2001)
David GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-765.
District Court of Appeal of Florida, Fifth District.
April 27, 2001.
James B. Gibson, Public Defender, and John M. Selden, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
This is a probation violation case. David Griffin was charged with burglary of a dwelling, grand theft and possession of a firearm by a convicted felon. He entered a plea and was sentenced to ten years incarceration as an habitual offender, with seven years suspended after serving a mandatory minimum of three years, seven years probation, and special conditions of drug, alcohol and mental health treatment. A second case for which he was on probation was terminated on concurrent disposition. Griffin thereafter violated his probation. The trial court entered two Orders of Modification of Community Control.
Griffin again violated his probation. A hearing was held during which he admitted that he had violated his probation. At the hearing, Griffin's adoptive mother and his mental health counselor, Knan Lee, testified that Griffin had been physically, sexually *338 and mentally abused during his childhood. Lee testified that Griffin had been counseled but that none of the sessions had lasted more than four weeks, to his detriment. Lee had been counseling Griffin for approximately six weeks and was prepared to continue. She testified that Griffin was amenable to rehabilitation.
At the hearing, defense counsel asserted that the trial court had the authority to modify or continue Griffin's probation. The state, however, citing State v. Gray, 721 So.2d 370 (Fla. 4th DCA 1998), erroneously argued that the court did not have the discretion to do so and stated that it would object to anything less than a jail sentence. The trial court accepted the state's argument. The court expressed its reluctance to sentence Griffin to jail but found that it did not have the discretion to do otherwise. Accordingly, it sentenced Griffin to nine years incarceration. Based upon the trial court's apparent misunderstanding of the law, Griffin now appeals.
At the hearing, the trial court expressly stated that it did not wish to give Griffin additional jail time but believed that it had no other option but to do so:
THE COURT: Okay. Based on the evidenceand the Court feels constrained by the law that I don't have discretion to modify in this particular case.
And so if it was appealed and reversed, I'll be glad to follow that, because my preference would be no further incarceration, except for the sentence that he had already, and then community control and probation with counseling.
But the Court feels like it doesn't have any discretion, so I therefore sentence the Defendant to nine years Department of Corrections, give him credit for all time served, to be concurrent with his other sentence. And all the other monetary obligations and requirements of the probation will be liens of record.
* * *
I thinkthe only reason I'm sentencing him to prison for nine years, I think my hands are tied.
If the appellate court feels otherwise, I would think that he would be amenable and that the proper sentence would be, since he is going to prison on this prior charge, that he have community control, plus five years probation, and seek counseling.
Section 948.06(1), Florida Statutes (1999) provides in part that, "the court [upon a violation of probation], ... may forthwith revoke, modify, or continue the probation or community control or place the probationer into a community control program." Thus, the trial court had the discretion to revoke, modify, or continue Griffin's probation, contrary to its belief. Based upon the trial court's apparent misunderstanding of the law, Griffin's sentence is reversed and the cause remanded for resentencing.
SENTENCED REVERSED; CAUSE REMANDED FOR RESENTENCING.
THOMPSON, C.J., and SAWAYA, J., concur.