814 So.2d 1129 (2002)
Anthony HANNAH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1892.
District Court of Appeal of Florida, Fifth District.
April 5, 2002.
*1130 James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Hannah appeals his sentence imposed after violating probation. He argues that the lower court improperly felt constrained to sentence him to a guidelines sentence upon revoking his probation. We affirm.
Hannah admitted violating his probation. The judge began to sentence Hannah as follows:
I'm going to sentence you toI'm going to adjudicate you guilty, revoke and terminate your sentence ofor your probation and sentence you to 364 days in Orange County Jail, give you credit for 9 months and 87 days time served.
The state asked the court to sentence Hannah to a guidelines sentence based on Griffin v. State, 783 So.2d 337 (Fla. 5th DCA 2001). After considering Griffin, the court stated:

Griffin says that I can modify a person's probation. If they violate probation, I can modify their probation and eventually do withessentially, do a lot of different things. But ifin his caseMr. Hannah's case, I'm not modifying his probation; I'm just revoking his probation and sentencing him.
The judge then sentenced Hannah to 14.4 months in prison, with credit for time served, based on his scoresheet. Hannah argues that the judge misinterpreted Griffin, improperly feeling constrained to impose a guideline sentence of 14.4 months in prison instead of his original intention of imposing 364 days in county jail. The standard of review is de novo. See Schaal v. State, 743 So.2d 1229 (Fla. 1st DCA 1999).
The state correctly argues that upon a violation of probation, the trial court may "revoke, modify, or continue the probation." § 948.06(1), Fla. Stat. (2000). Griffin merely reaffirms this rule of law. If the court chooses to revoke probation, it "shall ... impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control." § 948.06(1), Fla. Stat. (2000). In the instant case, the judge could have sentenced Hannah to 364 days in jail by modifying the probation; he instead chose to revoke the probation.
*1131 Hannah does not contest the validity of the scoresheet which yielded a minimum guidelines sentence of 14.4 months in prison. Accordingly, we affirm his sentence.
AFFIRMED.
THOMPSON, C.J., and PETERSON, J., concur.