831 So.2d 1267 (2002)
Donna LACEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2814.
District Court of Appeal of Florida, Fourth District.
December 18, 2002.
*1268 Kayo E. Morgan of Kayo E. Morgan, P.A., Fort Lauderdale, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, C.J.
Appellant, Donna Lacey appeals an order revoking her probation and sentencing her to five years in state prison. We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.
On April 14, 2000 Donna Lacey pled guilty to possession of cocaine, possession of paraphernalia and driving on a suspended license. Lacey was given a five year suspended sentence, and was sentenced to three years community control, followed by three years probation by a predecessor judge.
Lacey was subsequently found to have violated the conditions of her probation and sentenced to five years in state prison by a successor judge. This appeal follows.
Lacey raises five issues on appeal. First, she seeks reversal alleging that the trial court erred by finding her to be in violation of her probation. We disagree. The standard of review of an order revoking probation is abuse of discretion. Jones v. State, 730 So.2d 349 (Fla. 4th DCA 1999).
Initially, we point out that "[I]n order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." Tillman v. State, 471 So.2d 32 at 35 (Fla.1985). On appeal, Lacey argues the court's finding that she violated her probation was based exclusively on hearsay evidence. There was no such argument or objection made during trial and therefore we conclude that this issue is not properly preserved for our review.
*1269 Furthermore, this court has previously addressed this issue in Thomas v. State, 711 So.2d 96 (Fla. 4th DCA 1998). In Thomas, this court held that probation can not be revoked based solely on hearsay, but may be revoked upon a combination of hearsay and non-hearsay evidence. In Thomas, the community control officer testified as to what three witnesses told him. This court found that those statements were hearsay. However, the officer also testified as to what the defendant told him. The statement of the defendant constituted an admission and an exception to hearsay. Thus, this court concluded that the revocation was not based solely on hearsay and affirmed the revocation. Id.
Initially, Lacey was put in Broward jail to await an opening at a rehabilitation center, the Turning Point. The officer explained that he personally observed that Lacey was not at Turning Point, and he was also informed by someone that she was not there. Hence, there was a combination of hearsay and non-hearsay evidence supporting the trial court's conclusion that Lacey was not at the center. This court has repeatedly affirmed a trial court's revocation of probation for the probationer's failure to remain at a particular location. See. e.g., Lopez v. State, 722 So.2d 936 (Fla. 4th DCA 1998). As a result, had the issue been preserved, we would still affirm the violation of Lacey's probation.
Lacey's second argument on appeal is that the trial court erroneously felt obligated to impose the suspended sentence originally imposed when probation was granted. We agree and reverse and remand. The standard of review for sentencing after a revocation of probation is de novo. Hannah v. State, 814 So.2d 1129 (Fla. 5th DCA 2002.)
The trial court clearly felt obligated to follow the original suspended sentence. In Poore v. State, 531 So.2d 161 (Fla.1988), the Florida Supreme Court addressed basic sentencing alternatives. The court discussed that:
a judge has five basic sentencing alternatives in Florida: (1) a period of confinement; (2) a "true split sentence" consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion; (3) a "probationary split sentence" consisting of a period of confinement, none of which is suspended, followed by a period of probation; (4) a Villery sentence, consisting of period of probation preceded by a period of confinement imposed as a special condition; and (5) straight probation. If the defendant violates his probation in alternatives (3), (4) and (5), section 948.06(1) and Pearce permit the sentencing judge to impose any sentence he or she originally might have imposed, with credit for time served and subject to the guidelines recommendation. However, If alternative (2) is used as the original sentence, the sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence.
We now hold that under Poore, whether the original sentence was a true split sentence or a probationary split sentence has no bearing on whether the judge was bound to the original sentence. If the sentence was a true split sentence, as the trial court found, then under Poore the sentencing judge `in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence.' This puts a cap on what the judge may sentence, but in no way indicates that there is no discretion. On the other hand, if this *1270 was a probationary split sentence, as defense counsel argues, than under Poore, the judge was allowed to impose any sentence he or she originally might have imposed. In either scenario, there is nothing obligating the judge to the original sentence.
Additionally, Griffin v. State, 783 So.2d 337 (Fla. 5th DCA 2001), is instructive. In Griffin, the trial court felt bound by the original sentence and sentenced the defendant, after he admittedly violated his probation, to nine years incarceration pursuant to the original sentence. The trial judge admitted that the only reason he was sentencing him that way was because he felt like his hands were tied. Id. The Fifth District concluded that "the trial court had the discretion to revoke, modify, or continue Griffin's probation, contrary to its belief. Based upon the trial court's apparent misunderstanding of the law, Griffin's sentence is reversed and the cause remanded for re-sentencing." Id.
Griffin is clearly analogous to the case at bar. In this case, it is clear from the record that the judge felt obligated to follow the original sentence. In addition, the record indicates that the trial judge may have not approved of this sentence, but felt his hands were tied. In fact, under Poore, his hands were not tied. Therefore, we now reverse and remand for re-sentencing.
Lacey's third point on appeal challenges the credit for the time served she was given. As a result of her VOP, Lacey was sentenced pursuant to her original suspended sentence including 114 days time served. Lacey then filed a motion to correct the sentence seeking additional time served for the period of time she served in community control. Although Lacey was undoubtedly not entitled to this additional credit, at the hearing on that motion, the trial made an oral pronouncement on the record giving her credit for 493 days time served reflecting the time that she had been in community control. The state voiced no objection to the 493 day credit, and the order reflecting this credit was entered July 12, 2001. However, roughly five months later, the state filed a response to Lacey's motion requesting that the court vacate it's original ruling and deny defendant's motion to correct the sentence. The trial court entered an order granting the state's request on December 13, 2001. Granting this untimely motion constituted error.
This court has repeatedly recognized that where a written order conflicts with an oral pronouncement, the oral pronouncement prevails. See e.g., Tory v. State, 686 So.2d 689 (Fla. 4th DCA 1996)(Where written order does not conform to oral pronouncement, the latter prevails); See also, Vasquez v. State, 663 So.2d 1343 (Fla. 4th DCA 1995)(Where written order conflicts with oral pronouncement, the sentence orally pronounced prevails.)
The state relied on Fla. R.Crim. P. 3.800 to support their position that the motion was proper. Fla. R.Crim. P. 3.800 provides in part that the "court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief." However, this rule requires that the court reduce or modify the sentence within 60 days of imposition. Fla. R.Crim. P. 3.800(c). As a result we now conclude that the motion was untimely, and granting the motion an error. We hereby reverse and vacate that order entered on December 13, 2001 and reinstate the order entered on July 12, 2001.
Lacey's fourth contention in appeal is that the written sentencing order was *1271 deficient for failing to specify the particular grounds supporting the revocation. Lacey relies on Aidone v. State, 763 So.2d 1127 (Fla. 4th DCA 1999) where this court reversed an order revoking probation for lack of specificity. In Aidone, this court held that "[w]hen revoking probation, a trial court must at least specify which conditions of probation have been violated, and should also relate evidence or reasons supporting the judge's findings." Id. (Citing Taylor v. State, 681 So.2d 910 (Fla. 4th DCA 1996)). In Aidone, this court commented on the fact that the probation was revoked without the trial court making specific findings. Id.
This case is distinguishable from Aidone. In the case at bar, although absent from the written order, the trial court made clear findings on the record. Thus, we find Lacey's argument on this point unpersuasive and conclude that the written order was not deficient.
Lacey's fifth and final point on appeal is that the sentence is invalid based on an allegedly invalid charging document. This court has previously held that "a defendant waives a defect in the information if he fails to object before pleading to the substantive charges." Colson v. State, 717 So.2d 554 (Fla. 4th DCA 1998). Lacey's argument that the charging document is defective comes after her plea to the underlying charges; as a result, any alleged defect has been waived.
For the reasons discussed herein, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.
GUNTHER and HAZOURI, JJ., concur.