STEVENSON, J.
Appellant, Johnny Rackins, was tried by jury and convicted of possession of cocaine. We affirm the conviction, but reverse the thirty-six month sentence and remand for a hearing so that the trial court may resolve the conflict between the apparent oral pronouncement of thirty months incarceration and the written order of thirty-six months. The State concedes that the transcript reflects that the oral pronouncement is inconsistent with the written sentence. However, the State points to at least three court documents signed by the trial judge which direct a thirty-six month sentence and maintains that “it appears that the court reporter either heard incorrectly or perhaps transcribed incorrectly.”
Where a written order does not conform to the court’s oral pronouncement of judgment and sentence, the oral pronouncement prevails. See Lacey v. State, 831 *293 So.2d 1267, 1270 (Fla. 4th DCA 2002). However, if the State does not concede the error was clerical, a conflict between the written order and the oral pronouncement requires a factual resolution by the trial court.. See Tory v. State, 686 So.2d 689, 691 (Fla. 4th DCA 1996). Accordingly, we reverse the sentence in this case and remand for such a factual resolution and the imposition of the appropriate sentence.
REVERSED in part and REMANDED.
TAYLOR and MAY, JJ., concur.