860 So.2d 1041 (2003)
Arthur L. COWART, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2164.
District Court of Appeal of Florida, Fifth District.
December 5, 2003.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Judy Taylor Rush, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Arthur L. Cowart appeals an order sentencing him after a probation violation. We reverse.
Cowart was convicted of possession of cocaine and battery on a law enforcement officer. The factual basis for Cowart's plea was that a police officer approached Cowart and asked him what he was doing. When the officer mentioned that Cowart was parked in front of a Firestone store, Cowart, agitated and shouting, replied; "Don't fire, don't kill me," and tackled the officer. In a separate case, an officer saw Cowart making unusual movements in his car: "Hitting the dash, et cetera." When Cowart emerged from the vehicle, the officer observed cocaine in plain view on the passenger seat. During the plea colloquy, *1042 Cowart told the court that he was guilty of the possession charge, but that he did not think he was guilty of battery because he had not been "aware of the circumstances of what I was doing." Defense counsel explained that Cowart was entering the plea in his best interests, but wanted the court to know that "he wasn't in his right mind at the time that he committed the offenses." Cowart, who said he had a 20-year drug problem, was sentenced to five years of incarceration suspended on the condition that he complete 54 months of drug offender probation, which was to commence in a long-term, residential drug rehabilitation facility.
Although the order provided that Cowart was to be released by the jail only to Phoenix House, and despite the efforts of the court and defense counsel to insure that Cowart remained in jail until there was space for him in a rehabilitation facility, Cowart apparently was simply released from jail. Eventually, Cowart was alleged to have violated probation by fleeing a police officer, testing positive for cocaine, and failing to report to his probation officer. Defense counsel asked the successor judge to order Cowart into jail until he could be admitted to a residential drug program and complete the probation. Instead, the court revoked the probation and imposed the five-year prison sentence.
In rejecting defense counsel's request, the court told Cowart:
You did a lot of things wrong. And I wish we had drug treatment to give you because I think you clearly need it. But the things you did wrong are still your fault, they're not somebody else's fault, And the things you did wrong here violated your probation.
When Judge Smith saw you she said you can't violate your probation or you will go to prison for five years. That's harsh, but that's what she said.
You have violated your probation. It's willful, substantial, intentional. It's a commission of new offenses. And my only recourse here is to enforce the sentence that Judge Smith ordered previously, which is five years in the Department of Corrections, each case concurrent, credit for 118 days time served on each case.
I will recommend that the Department of Corrections assign you to any substance abuse treatment that may be available to the Department of Corrections.
(emphasis added).
It is evident that the court misunderstood its options. The court did not have only one recourse, but was authorized to "revoke, modify, or continue the probation or community control or place the probationer into a community control program." § 948.06(1), Fla. Stat. (2002); Griffin v. State, 783 So.2d 337 (Fla. 5th DCA 2001). Furthermore, on electing to revoke probation and impose a sentence, a court is authorized to impose a sentence less than the original sentence. See Lacey v. State, 831 So.2d 1267 (Fla. 4th DCA 2002). Because the court appears to have thought it was bound to sentence Cowart to five years of incarceration, we reverse and remand for reconsideration.
Upon remand, the judge who originally imposed sentence will preside unless it is "necessary" that another judge preside. See Fla. R.Crim. P. 3.700(c); Lawley v. State, 377 So.2d 824 (Fla. 1st DCA 1979) ("convenience does not justify a practice that departs from the well recognized assumption that sentencing is an individualized procedure"); Lester v. State, 446 So.2d 1088 (Fla. 2d DCA 1984) (applying rule 3.700(c) in context of revocation of probation proceeding); Lusskin v. State, 717 So.2d 1076 (Fla. 4th DCA 1998) (applying *1043 rule 3.700(c) in context of motion to mitigate sentence); Clemons v. State, 816 So.2d 1180 (Fla. 2d DCA 2002) (applying rule 3.700(c) in context of resentencing after appeal). The successor judge, if any, may receive a proffer or statement of proceedings deemed relevant by the parties provided that the court also reviews any presentence investigation report and so much of the file as may be pertinent. See Spencer v. State, 611 So.2d 16 (Fla. 3d DCA 1992).
REVERSED.
MONACO, J., concur.
SAWAYA, C.J., dissents, without opinion.