925 So.2d 1168 (2006)
Ulysses JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1514.
District Court of Appeal of Florida, Fourth District.
April 26, 2006.
*1169 Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Ulysses Jackson appeals the final judgment and sentence for the crimes of attempted sexual battery upon a child and indecent assault. He claims that the court erred in sentencing him above the statutory maximum and failed to enter a proper order revoking probation. Although Jackson had filed a motion to correct these sentencing errors, the trial court failed to enter an order within the sixty-day time limit, and thus the motion was deemed denied. See Fla. R.Crim. P. 3.800(b)(1)(B). The state concedes that Jackson's sentence for the indecent assault charge was illegal, as he was sentenced to twenty-seven years in prison when the maximum sentence for a second degree felony is fifteen years. It also concedes that the court erred in failing to enter a written order specifically indicating which conditions of probation Jackson violated. We reverse for correction of these sentencing errors.
Jackson also claims that in sentencing him on the violation of probation, the court was misinformed about the amount of time he had actually served on his original sentence. Because of this material misinformation, he claims the case should be remanded to determine if the mistake affected the current sentence. We conclude that the court was not misin-formed about his original sentence. Jackson was originally sentenced to twenty-two years for his crime, and he actually served eight years in prison. At the hearing for sentencing on the probation violation, the prosecutor informed the court that Jackson was sentenced to twenty-two years, and the court indicated that it would sentence him to Department of Corrections time, "whatever it is, it is." The court then sentenced Jackson to twenty-seven years. There is no indication in the record that the court was operating under a misapprehension of fact as to the time Jackson had already spent in prison.[1] We *1170 therefore affirm the conviction.[2]
KLEIN, J., and BAILEY, JENNIFER D., Associate Judge, concur.
NOTES
[1] The state cites to Lacey v. State, 831 So.2d 1267 (Fla. 4th DCA 2002), for the proposition that the standard of review for sentencing after a revocation of probation is de novo. Lacey cites to Hannah v. State, 814 So.2d 1129 (Fla. 5th DCA 2002). However, Hannah cites to Schaal v. State, 743 So.2d 1229 (Fla. 1st DCA 1999), for the proposition, but Schaal never mentions this. Our understanding is that a sentencing error constituting an illegal sentence would be reviewed de novo. The reliance on a material mistake of fact would not be reviewed de novo.
[2] Although there is no evidence that the court was mistaken, Jackson can file a motion for reduction of the sentence pursuant to rule 3.800(c) after our mandate issues if he believes that the trial court may be inclined to lessen his sentence.