KHOUZAM, Judge.
 

 Anthony George Nadzo appeals the revocation of his probation and the resulting judgments and sentences in circuit court case numbers 06-CF-015497, 06-CF-020240, and 06-CF-020357. We affirm in part and reverse in part.
 

 On September 20, 2006, Nadzo pleaded guilty in case number 06-CF-015497 to possession of a controlled substance, a third-degree felony, and driving under the influence, a first-degree misdemeanor. The trial court imposed concurrent sentences of six months’ probation. On December 4, 2006, an affidavit was filed alleging that Nadzo had violated his probation. On March 19, 2007, Nadzo admitted to violating his probation. He also pleaded no contest to multiple counts in case numbers 06-CF-020240 and 06-CF-020357. The trial court sentenced Nadzo in all three cases to concurrent terms of fifty-nine months in prison, suspended, with twenty-four months of drug offender probation.
 

 On September 11, 2008, an affidavit of violation of probation was filed in all three cases. At the revocation hearing on January 8, 2009, Nadzo admitted to violating his probation. Nadzo asked the trial court to exercise its discretion and impose a sentence of less than fifty-nine months in prison. The court rejected Nadzo’s request and stated, “I have to sentence you to fifty-nine months. I have no choice; my hands are tied. It was the deal you made. I have compassion for you, I don’t want to do that but that’s what I have to do.” The court revoked Nadzo’s probation in all three cases and sentenced Nadzo to concurrent terms of fifty-nine months in prison.
 

 The State properly concedes that the trial court was under the misconception that it was required to impose the full term of the suspended sentence originally
 
 *692
 
 imposed when Nadzo was placed on probation in March 2007. The court had the option to “revoke, modify, or continue the probation or community control or place the probationer into a community control program.”
 
 Cowart v. State,
 
 860 So.2d 1041, 1042 (Fla. 5th DCA 2003) (quoting § 948.06(1), Fla. Stat. (2002)). Furthermore, upon revocation of probation, the court was authorized to impose a sentence less than the original sentence.
 
 See id.
 
 Therefore, we reverse Nadzo’s sentence for possession of a controlled substance in case number 06-CF-015497 and his sentences in case numbers 06-CF-020240 and 06-CF-020357, and remand to the trial court for resentencing.
 
 See Griffin v. State,
 
 783 So.2d 337, 338 (Fla. 5th DCA 2001) (reversing and remanding for resen-tencing where trial court sentenced defendant under an “apparent misunderstanding of the law”).
 

 Nadzo also contends that the trial court lacked jurisdiction to revoke his probation and to sentence him for the DUI offense in case number 06-CF-015497 because he had already served the statutory maximum for that offense. When the court imposed the suspended sentence of fifty-nine months in prison and twenty-four months of probation in March 2007, it exceeded the statutory maximum of one year for a first-degree misdemeanor.
 
 See
 
 §§ 316.193(6)(a), 775.082(4)(a), Fla. Stat. (2005). Therefore, Nadzo was illegally on probation and the court lacked jurisdiction to revoke his probation in January 2009 and sentence him on the DUI charge.
 
 See Manning v. State,
 
 961 So.2d 1135, 1136-37 (Fla. 2d DCA 2007).
 

 Accordingly, we reverse the revocation order and the judgment and sentence for the DUI offense in case number 06-CF-015497 and remand with directions that they be stricken. We affirm the revocation of probation and the resulting judgments in case numbers 06-CF-020240 and 06-CF-020357 and for the possession of a controlled substance count in case number 06-CF-015497, but we reverse the sentences and remand for resentencing. On remand, the trial court shall enter written revocation orders consistent -with this opinion.
 

 Affirmed in part, reversed in part, and remanded with directions.
 

 NORTHCUTT and VILLANTI, JJ., Concur.