WHATLEY, Judge.
 

 Anthony Ray Casey appeals an order revoking his probation and sentencing him to a previously suspended term of five years in prison. Casey was originally charged with and entered a plea to grand theft and was sentenced to five years in prison, suspended, and five years of probation. He thereafter admitted violating his probation and was given the suspended sentence. Casey argues, and the State correctly concedes, that his sentence must be reversed because the trial court mistakenly believed that it was required to impose the suspended portion of his sentence.
 

 At the original sentencing hearing for grand theft, the trial court told Casey that if he violated the terms of his probation, “you’re going to get five years Florida State Prison because I’ve suspended it.... Because I’ve suspended it, so I won’t have any discretion. Unless the State agrees, I’ve pretty much bound my hands.” Thereafter, before accepting Casey’s admission to the violation of probation, the trial court stated as follows:
 

 Is it your intention to admit your violation of probation today with the understanding that this is an open plea; I can sentence you to any lawful sentence, up to five years in prison — I believe, actually, you have five years in prison suspended, so there’s not a lot of mystery about what’s going to happen here, I don’t think.
 

 Here, as in
 
 Nadzo v. State,
 
 24 So.3d 690, 691-92 (Fla. 2d DCA 2009), the trial court was under the mistaken belief that it was mandatory to impose the previously suspended prison term. In
 
 Nadzo,
 
 24 So.3d at 692, this court noted that the trial court could have continued, modified, or revoked the appellant’s probation and that, after deciding to revoke the probation, the trial court could impose a sentence less than
 
 *783
 
 the original sentence.
 
 See also Cowart v.
 
 State, 860 So.2d 1041, 1042 (Fla. 5th DCA 2003);
 
 Lacey v. State,
 
 831 So.2d 1267, 1270 (Fla. 4th DCA 2002).
 

 Because the trial court appears to have believed it was required to sentence Casey to five years in prison, we reverse and remand the case for reconsideration.
 

 CASANUEVA, C.J., and BLACK, J„ Concur.