PER CURIAM.
The appellant’s probation was revoked following a hearing. On appeal, the appellant argues that (1) the only evidence presented at the revocation hearing of him violating the condition to attend school each day was hearsay evidence, and (2) the disposition order failed to comply with the mandatory requirements for such orders. We affirm the revocation on the merits, concluding that the trial court properly found a violation of probation based on competent and substantial evidence, and not merely hearsay evidence. However, we remand the case so that the trial court can enter a written order that complies with the applicable laws for such orders.
The State concedes that the written disposition order failed to comply with the requirements of Florida Rule of Juvenile Procedure 8.115(d) (2012), as the order did not contain the age of the child, the disposition of each count, the degree of each offense, the maximum penalty defined by statute, nor the amount of time served in secure detention before disposition. Moreover, the State concedes that the order is deficient because it does not state the evidence relied upon nor the reasons for revoking probation. See A.T.J.F. v. State, 78 So.3d 57 (Fla. 4th DCA 2012).
Accordingly, we affirm the revocation, but remand the case with instructions for the trial court to enter a written order that complies with Rule 8.115(d) and the law requiring a written order that sets forth the specific reason(s) for the revocation. See Thomas v. State, 711 So.2d 96, 97 (Fla. 4th DCA 1998) (affirming the trial court’s decision because there was some non-hearsay evidence to support revocation, but remanding for a written order reflecting the reasons for revocation).
DAMOORGIAN, C.J., MAY and FORST, JJ., concur.