COHEN, J.
Cassandra Harvey appeals the revocation of her community control.[1] On appeal, Harvey challenges the sentence imposed, and the trial court’s finding that her violation was willful and substantial. We find no error in the court’s determination that the violation of community control was willful and substantial. However, the court appears to have failed to appreciate its sentencing options, and we feel compelled to remand for resentencing.
Following an earlier violation of community control, Harvey was reinstated to community control with a seven-year suspended sentence imposed. After she once again violated her community control, the trial court sentenced her to seven years’ imprisonment, remarking, “[this] is *585 a seven year suspended sentence. She violated; it’s an automatic sentence.”
Apparently, the trial court was unaware that the only thing accomplished by suspending a sentence is that the trial court is limited if and when the individual violates probation or community control. The suspended sentence acts as a cap on the sentencing judge. See, e.g., Lacey v. State, 831 So.2d 1267, 1269-70 (Fla. 4th DCA 2002) (“This puts a cap on what the judge may sentence, but in no way indicates that there is no discretion.”). It is not an “automatic sentence” in the sense that the trial court is required to impose the suspended sentence in the event of a violation. Instead, the court retains the discretion and authority to impose any sentence it could otherwise have imposed. Casey v. State, 50 So.3d 782 (Fla. 2d DCA 2010); Nadzo v. State, 24 So.3d 690 (Fla. 2d DCA 2009); Cowart v. State, 860 So.2d 1041 (Fla. 5th DCA 2003); Lacey, 831 So.2d at 1270; Griffin v. State, 783 So.2d 337 (Fla. 5th DCA 2001).
We make no determination as to the propriety of the sentence imposed. The trial court was well within its discretion to impose such a sentence and is not precluded from doing so again on remand. However, implicit in the exercise of discretion is the knowledge that such discretion exists. We remand for reconsideration of the sentence imposed.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
PALMER and EDWARDS, JJ., concur.

. Harvey was on community control for robbery with a deadly weapon, dealing in stolen property, and giving false verification of ownership to a pawnbroker.