DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL ANTHONY SMITH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D14-2152 and 4D14-2339

[February 24, 2016]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mindy Solomon, Judge; L.T. Case Nos. 12-00013 CF10A and 12-12416 CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nicholas I. Igwe, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Smith appeals his judgment and sentence after a jury found him guilty of burglary and petit theft, and the trial court found him in violation of probation. Smith argues that the trial court erred in denying his motion for judgment of acquittal. We affirm as to that issue. Smith also argues, and the State concedes, that the trial court erred in failing to enter a sufficient order revoking his probation. We reverse as to this issue, and remand for the trial court to make the appropriate findings.

A jury found Smith guilty of burglary and petit theft. After adjudicating Smith guilty of those crimes, the trial court also found that Smith violated his probation, orally stating:

> The Court's going to take judicial notice of the fact that Mr. Smith was placed on probation and the allegation that he violated probation by committing the offense of grand theft and petit theft, and a jury of his peers found him guilty of that. I believe I adjudicated him guilty of that.

The Court finds it's a willful, substantial and material violation based on the fact that he was on probation at the time the offense was committed and in fact was found guilty of the offense of burglary and of petit theft.

In addition to its oral pronouncements, the record contains a handwritten notation on the disposition order revoking Smith's probation, which simply states: "Def found guilty to violation allegations."

"If a trial court revokes a defendant's probation, the court is required to render a written order noting the *specific conditions of probation* that were violated." *King v. State*, 46 So. 3d 1171, 1172 (Fla. 4th DCA 2010) (emphasis added). Because the trial court failed to comply with this requirement, we reverse.

In *Drayton v. State*, 710 So. 2d 1018, 1019 (Fla. 4th DCA 1998), we held that a "slip sheet" complied with the requirement of a written order where it "specif[ied] the reasons, i.e., the *specific violations* found, for a revocation of probation or community control." (emphasis added). Here, however, the written order referenced only "violation allegations," without specifying which ones. Additionally, although the trial court orally referenced the jury verdict and the State had previously stated that it was proceeding on only the allegations in reference to the burglary and theft charges, the trial court did not make a *written* order that noted the specific conditions on which the violation was based. The State concedes this was error, and both sides agree that the proper remedy is to remand the case for the trial court to enter a proper order. *See King*, 46 So. 3d at 1172. We also note that Smith's presence is not required for entry of such an order on remand. *Jones v. State*, 638 So. 2d 126, 127 (Fla. 1st DCA 1994).

*Affirmed in part, reversed in part, remanded with instructions.*

CIKLIN, C.J., CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2