PER CURIAM.
Following a nonjury trial, the defendant, Brandi Jenkins, was found by the court to have willfully and materially violated the terms of her community control. Jenkins had previously received a five-year prison sentence for burglary of a conveyance and a consecutive two-year prison sentence for felony petit theft, with both sentences suspended *876 conditioned upon Jenkins successfully completing her community control. The trial court revoked Jenkins's community control and sentenced her to serve the full suspended sentence.
Jenkins's sole argument on appeal is that the trial court failed to understand that it had the discretion not to impose the entire suspended sentence once it revoked her community control. Jenkins is correct that a suspended sentence merely acts as a cap on the sentencing court, and it is not required to impose the suspended sentence in the event of a violation of community control or probation. See Harvey v. State , 156 So. 3d 583, 585 (Fla. 5th DCA 2015). The court retains the discretion and authority to impose any sentence that it could otherwise have imposed. Id.
Subsequently to filing her notice of appeal, Jenkins filed a motion under Florida Rule of Criminal Procedure 3.800(b)(2), asserting that the trial court had committed an error in sentencing by failing to recognize its discretion to impose a sentence that was less than the aggregate seven-year suspended sentence. In timely denying the motion, the court acknowledged Jenkins's argument and its discretion in sentencing, but it nevertheless declined to reconsider and modify the sentence. Thus, because it appears that the trial court was aware of its authority and discretion to have imposed less than the full suspended sentence, but simply declined to do so, we affirm the order revoking community control and the resulting judgment and sentence.
AFFIRMED.
LAMBERT, EISNAUGLE and HARRIS, JJ., concur.