DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

GLEN LORENZO LAWRENCE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D23-2045

_____

April 12, 2024

Appeal from the Circuit Court for Manatee County; Frederick P.
Mercurio, Judge.

Howard L. Dimmig, II, Public Defender, and Robert D. Rosen, Assistant
Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Alicia M. Winterkorn,
Assistant Attorney General, Tampa, for Appellee.


KHOUZAM, Judge.

Glen Lorenzo Lawrence appeals the orders revoking his probation
in two case numbers and imposing sentences of 86.55 months in prison.
We affirm the revocation, but reverse the sentence and remand for
resentencing.

On five occasions in 2018 and 2019, an undercover law enforcement officer purchased from Mr. Lawrence crack cocaine weighing approximately a tenth or twentieth of a gram. The State charged Mr. Lawrence with four counts of sale or delivery of cocaine in case number 2019-CF-72 and one count of sale or delivery of cocaine in case number 2019-CF-2508. Mr. Lawrence entered guilty pleas to those charges, and the trial court sentenced him to concurrent terms of eleven months and twenty-nine days in jail followed by twenty-four months of drug offender probation with the special conditions that he obtain drug and mental health evaluations within thirty days of release and complete appropriate treatment.

Mr. Lawrence admitted to violating his probation on three occasions, and each time, the trial court entered an order modifying his probation. On August 15, 2022, the trial court modified Mr. Lawrence's probation with a twelve-month extension subject to early termination upon completion of the special condition that he submit to a mental health evaluation.

On August 28, 2023, Mr. Lawrence admitted to violating his probation for a fourth time. He provided no excuse for his failure to comply with the conditions of his probation but told the trial court that family tragedy had affected his mental health condition. A probation officer who had been assigned Mr. Lawrence's case for just a couple of months recommended that the trial court terminate his probation because "it seems like he does not want to comply with his conditions of supervision as easy as reporting to the probation office." When Mr. Lawrence's counsel asked the trial court to modify Mr. Lawrence's probation to "allow my client to complete what was ordered in August of last year," the trial court expressed frustration with Mr. Lawrence's

failure to comply with the condition that would have terminated his sentence. The court also stated its belief that the lowest permissible prison sentences of 86.55 months were not appropriate under the circumstances. It then explained:

> I'm at a loss for what it is I can do. Because if I modify and terminate his probation, I'm not sure that that's legal. If I revoke and terminate him, I don't know that I have any choice but to sentence him to a scoresheet sentence. He's already done [terms of eleven months and twenty-nine days in jail] once or twice over the course of these years since 2019. So while it's against my personal feeling that it's appropriate to send him to prison, I don't know if I have any legal choice but to do [so].

> So based upon the fact that at this point the recommendation of the Department, the recommendation of the State, and there being no legal reason not to, I'm going to revoke and terminate his probation and sentence him to the bottom of the guidelines, 86.550 months, in the Department of Corrections with credit for all time served. That'll be concurrent on each count in each case. And I'll order his court costs in each case, cost of prosecution to be paid in the form of judgments against any outstanding financial will all be reduced to judgement.

Mr. Lawrence argues, and the State agrees, that resentencing is warranted because the above statement indicates that the trial court may not have understood its discretion under section 948.06(2)(a) and (b), Florida Statutes (2023), to "impose any sentence which it might have originally imposed." *See Casey v. State*, 50 So. 3d 782, 782–83 (Fla. 2d DCA 2010) (holding that reconsideration of the appellant's sentences was warranted where the trial court "appear[ed] to have believed" that it had no discretion to impose a sentence other than the suspended prison term upon [the appellant]'s violation of probation and did not recognize that it also "could have continued, modified, or revoked the appellant's probation"); *Nadzo v. State*, 24 So. 3d 690, 691–92 (Fla. 2d DCA 2009)

(holding that "[t]he State properly concede[d] that the trial court was under the misconception that it was required to impose the full term of the suspended sentence originally imposed when Nadzo was placed on probation," even though the trial court "was authorized to impose a sentence less than the original sentence" and could have revoked, modified, or continued Nadzo's probation).

Accordingly, we reverse Mr. Lawrence's sentences and remand for resentencing.

Affirmed in part; reversed and remanded in part.

CASANUEVA and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.