583 So.2d 426 (1991)
Patricia D. HOGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2224.
District Court of Appeal of Florida, First District.
August 5, 1991.
Nancy A. Daniels, Public Defender, and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Virlindia Doss, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Patricia D. Hogan has appealed an order of the trial court revoking community control. *427 We affirm the revocation, but vacate the sentence imposed and remand for resentencing.
In September 1989, Hogan plead nolo contendere to possession of cocaine. She received six months community control to be followed by six months probation, and certain conditions were imposed. An affidavit of violation was filed in April 1990 alleging violations of Conditions (6) (do not use intoxicants to excess) and (14) (attend self-improvement programs as directed by the Court or community control officer).
Hogan's community control officer testified at the subsequent hearing. As to the alleged violation of (6), she testified that she forwarded Hogan's urine samples to a Tampa lab, and thereafter had no further contact with them and no knowledge of the testing or reporting procedures. The lab simply sent her copies of the reports, which in Hogan's case indicated the presence of cocaine. These reports were admitted over Hogan's objection that they were inadmissible hearsay, the court finding that they were business records of the community control office. As to Condition (14), Hogan did not dispute the testimony of the officer that Hogan had refused to attend drug counseling.
At the end of the hearing, the court found that Hogan violated "Condition No. 14 of your community control and that that is sufficient to revoke your community control" (emphasis supplied). The court went on to state that, "Although it is not necessary, the court also finds you violated Condition 6 ... based upon this positive cocaine result you got back from your urinalysis." The court revoked community control, and sentenced Hogan to 30 months in prison. Hogan argues that the admission of the lab reports was erroneous and that, despite the violation of Condition 14, she is entitled to resentencing in that the trial court might not have imposed the same sentence based only on a violation of Condition 14. We agree.
Hearsay is admissible in probation revocation proceedings, but cannot be the sole basis for revocation. Bass v. State, 473 So.2d 1367 (Fla. 1st DCA 1985). The business records exception may apply to lab test results if section 90.803(6), Florida Statutes, is satisfied. Davis v. State, 562 So.2d 431 (Fla. 1st DCA 1990). In other words, the lab reports must have been "kept in the course of a regularly conducted business activity," and the making of the reports must be a "regular practice of that business activity." If it is not in the regular course of business to make a particular type of record, the record is not admissible under this exception. Ehrhardt, Florida Evidence, § 803.6.
Here, the community control officer testified that, in the course of its business, her office keeps the lab reports sent from Tampa, not that it makes those reports. The officer had absolutely no knowledge of the testing or reporting procedure once she forwarded the samples to the lab, and no one from the lab testified. See, e.g., Davis (urine test results held admissible under the business records exception because a lab worker testified as the custodian of records). Therefore, the business records exception is inapplicable. Because there was no other direct evidence that Condition (6) had been violated, community control could not properly be revoked based on the violation of Condition (6).
However, the state proved the alleged violation of Condition (14), and the trial court stated on the record that he found this violation alone sufficient to revoke Hogan's community control. However, he did not make a similar statement with regard to the sentence imposed as a result of that revocation, i.e., he did not state that he would impose the same sentence regardless of the violation of Condition (6). Therefore, while the revocation of community control is affirmed, we remand for resentencing in light of the state's failure to prove the alleged violation of Condition (6).
Remanded for resentencing.
JOANOS, C.J., and BARFIELD and ZEHMER, JJ., concur.