645 So.2d 547 (1994)
McKENZIE TANK LINES, INC., Appellant,
v.
Jose R. ROMAN and Florida Unemployment Appeals Commission, Appellees.
No. 94-306.
District Court of Appeal of Florida, First District.
November 16, 1994.
Rehearing Denied December 15, 1994.
*548 John S. Miller, Tallahassee, for appellant.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n.
VAN NORTWICK, Judge.
McKenzie Tank Lines, Inc. appeals an order of the Unemployment Appeals Commission affirming the decision of the appeals referee of Florida Department of Labor and Employment Security, that Jose R. Roman was qualified for unemployment compensation benefits. We affirm.
Roman worked as a truck driver for McKenzie Tank Lines when he submitted to a random drug test conducted by his employer pursuant to the employer's substance abuse policy. Roman tested positive for cocaine. When informed that he had tested positive, Roman advised his superiors that he had unwittingly sampled cocaine when he found and tasted a white, powdery substance in his stepson's bedroom.[1] His superiors advised him that the reason for drug use was immaterial given the company's policy against substance abuse, and Roman was discharged for violating the policy.
Roman then filed for unemployment compensation and the claims adjudicator determined that he was qualified for unemployment compensation benefits. McKenzie Tank Lines filed an appeal, and the appeals referee affirmed the determination of the claims adjudicator. In his decision, the appeals referee made the following findings of fact:
The record shows that the employer discharged the claimant because the employer received a report that the claimant tested positive for cocaine. In a discharge situation, the burden is on the employer to prove, by a preponderance of competent evidence at the hearing, that the claimant has intentionally or wantonly disregarded his duties and obligations to the employer. The employer offered only the reported results of the drug screen test without corroboration in the form of competent testimony regarding the chain of custody and the procedure used in the drug test. *549 Therefore, the alleged results of the drug test are hearsay. Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it is not sufficient in itself to support a finding of fact unless it would be admissible over objection in civil actions. Section 120.58, Florida Statutes; Florida Administrative Code Rule 38E-5.024(3)(d). Therefore, the claimant's testimony denying the use of illegal drugs is unrefuted by competent testimony from the employer. The appeals referee concludes that the employer discharged the claimant but not for misconduct connected with work and the claimant is not disqualified from the receipt of unemployment benefits.
On review by the Unemployment Appeals Commission, it found that the decision of the appeals referee was in accord with the essential requirements of law and affirmed. We agree.
The issue raised by appellant is whether the referee committed error in concluding that Roman's positive drug test report constituted hearsay and, therefore, was not sufficient in itself to support a finding of "misconduct" under section 443.036(26), Florida Statutes (1993). We are here presented with the apparent anomaly of an employee who is discharged for actions that constitute misconduct in the employer's opinion, but who is nevertheless eligible for the payment of unemployment compensation benefits under Chapter 443, Florida Statutes. Chapter 443 provides for the payment of unemployment compensation benefits to "persons unemployed through no fault of their own," section 443.021, and the provisions of that chapter are to be liberally construed in favor of the employee claiming benefits. Department of General Services v. English, 534 So.2d 726 (Fla. 1st DCA 1988). An employee is disqualified from receiving unemployment compensation benefits if, among other things, he has been "discharged by his employing unit for misconduct connected with his work, if so found by the division." § 443.101(1)(a), Fla. Stat. (1991). "Misconduct" is defined in section 443.036(26), as follows:
`Misconduct' includes, but is not limited to, the following, which shall be construed in pari materia with each other: (a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or (b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
An employer's finding of misconduct sufficient to justify discharge does not resolve the issue of "misconduct" for the purposes of unemployment compensation. As this court has observed:
The fact that an employee is discharged for misconduct in the employer's opinion does not necessarily demonstrate the existence of misconduct contemplated by section [443.036(26)]. Furthermore, the requirement of section 443.101 that the employee is disqualified only if the division itself finds that the employee was discharged for misconduct connected with work obviously contemplates a determination of misconduct independent of the employer's decision to terminate the employee for that reason.
Department of General Services v. English, 534 So.2d at 729 (citation omitted; emphasis in original).
Roman's alleged misconduct was testing positive for cocaine in violation of the substance abuse policy of McKenzie Tank Lines. As noted, the principal evidence relied upon by McKenzie was the lab report. Clearly, the lab test report, standing alone, is hearsay. Williams v. State, 553 So.2d 365, 366 (Fla. 5th DCA 1989). Although hearsay evidence is admissible in Florida administrative proceedings pursuant to the Florida Administrative Code, "[h]earsay evidence ... shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions." § 120.58(1)(a), Fla. Stat. Thus, for Roman's positive drug test report to constitute competent, substantial evidence sufficient to support a finding of "misconduct" under section 443.036(26), the *550 lab report must be admissible as an exception to the hearsay rule. The business records exception may apply to a laboratory test report if the requirements of section 90.803(6), Florida Statutes, are satisfied. Hogan v. State, 583 So.2d 426 (Fla. 1st DCA 1991); Davis v. State, 562 So.2d 431 (Fla. 1st DCA 1990). As this court concluded in Hogan, to fit within the business records exception:
the lab reports must have been "kept in the course of a regularly conducted business activity," and the making of the reports must be a "regular practice of that business activity." If it is not in the regular course of business to make a particular type of record, the record is not admissible under this exception.
583 So.2d at 427 (emphasis in original).
Here, because McKenzie Tank Lines is not in the business of making laboratory reports and because no one from the laboratory was called as a witness to establish that the Roman lab report was a business record of the laboratory, the report was not admissible under the business records exception to the hearsay rule. As a result, the hearsay report, could not have constituted sufficient competent, substantial evidence for a finding of "misconduct" and a denial of benefits under Chapter 443.
The conclusion of the appeals referee, approved by the Commission, that Roman was not discharged for "misconduct" under section 443.101(1)(a) is supported by the foregoing principles of law and by competent, substantial evidence. Accordingly, the order of the Commission that Roman was qualified for unemployment compensation benefits is AFFIRMED.
KAHN and MICKLE, JJ., concur.
NOTES
[1] Roman's explanation was accepted by the appeals referee. In the decision of the appeals referee, the following statement is made:

Consideration was given to the employer's evidence and testimony that the employer's drug policy provides for discharge if an employee tests positive for drugs and that the claimant admitted testing a suspicious white powder that claimant believed to be cocaine. However, the claimant's conduct in testing the suspicious powder does not constitute using illegal drugs. Therefore, the claimant cannot be said to have intentionally or wantonly disregarded his duties and obligations to the employer by doing this.
Given the referee's acceptance of Roman's testimony that the ingestion of cocaine was not a deliberate act in disregard of McKenzie's policies, the question of the exclusion of laboratory results of Roman's drug test may not have been dispositive. Because the only issue raised on appeal involves the evidentiary status of the lab test report, however, we do not address any issues concerning the referee's findings and conclusions relating to the employee's ingestion of illegal drugs.