PER CURIAM.
A.J.D. appeals the revocation of his community control claiming the trial court erred by basing the revocation solely on hearsay evidence. We agree and reverse.
A.J.D. was originally sentenced to community control. Subsequently, the State filed an affidavit of violation of community control alleging that A.J.D. failed to attend school as required by the conditions of his community control.
*298 At the revocation hearing, AJ.D’s probation officer testified A.J.D. failed to attend school every day. Defense counsel objected on hearsay grounds. The probation officer stated that she had the school records with her. The State, however, failed to move these records into evidence or introduce any other non-hearsay evidence. The trial court found A. J.D. violated his community control and ordered A.J.D. into a residential treatment program.
A.J.D. asserts error because the State failed to introduce non-hearsay evidence to support its affidavit. The State contends the trial court’s order should be affirmed because the school records were admitted under the business record exception to the hearsay rule. See § 90.803(6), Fla. Stat. (2002).
It is clear that hearsay is admissible in revocation proceedings, however, it cannot be the sole basis for revocation. See Hall v. State, 744 So.2d 517 (Fla. 3d DCA 1999). Therefore, the probation officer’s testimony alone is insufficient to revoke A.J.D.’s community control.
AJ.D.’s probation officer had no personal knowledge as to whether A.J.D. attended school. Although the probation officer testified that she reviewed the school records, the State did not move these records into evidence. See Adams v. State, 521 So.2d 337 (Fla. 4th DCA 1988)(probation officer’s testimony based on review of probation department’s records was insufficient to sustain revocation order).
Regardless, even if the State moved to admit the school records as a business record exception, the probation officer was not the custodian of records nor was she qualified to testify as to the preparation or the reliability of the records. See E.C. v. State, 675 So.2d 192 (Fla. 4th DCA 1996)(to have records admitted under the business record exception, school official who either had personal knowledge of defendant’s suspension or who was custodian of records should have testified); Hogan v. State, 583 So.2d 426 (Fla. 1st DCA 1991)(court held that reports admitted at probation hearing were insufficient to support admission under the business record exception).
Accordingly, because hearsay evidence alone is insufficient to establish a violation of community control, we reverse the revocation order.
Reversed.