964 So.2d 766 (2007)
Billy Dee LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3188.
District Court of Appeal of Florida, Second District.
August 31, 2007.
*767 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Lewis.
Bill McCollum, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Billy Dee Lewis challenges the revocation of his drug offender probation, raising three issues. Although we agree with his argument challenging the sufficiency of the evidence for the new law violation, we affirm because the revocation was supported by the evidence that Lewis moved from his approved address without permission.
Lewis first argues that the trial court departed from its role as a neutral magistrate when it questioned the State's witnesses at the hearing. We reject this argument because the transcript shows that the trial court asked some clarifying questions of witnesses, but the court did not take over the prosecution's role or otherwise abandon its role as a neutral magistrate through its questioning.
Lewis next asserts that the evidence was insufficient to support a violation based on Condition 3, requiring him to obtain permission before moving from his approved address, because the evidence was solely hearsay. We reject this argument because the evidence was not solely hearsay and it clearly showed that Lewis absconded from the PAR program in violation of his probation. The director of the program, who testified, had personal knowledge that Lewis was not at the program after a certain date.
Lewis finally asserts that the evidence was insufficient to support a violation based on Condition 5 by committing the new offense of burglary. We agree that the evidence was insufficient to show that Lewis committed a burglary. At most, the evidence showed that Lewis ran from the police and hid in a house that belonged to someone else. The occupants of the house (the owner's children) would not give police permission to enter. The owner later gave the police permission to enter. There was no evidence that Lewis had entered the house surreptitiously or unlawfully or that he intended to commit any offense therein.
Although the evidence does not support the Condition 5 violation, we nonetheless affirm because the Condition 3 violation was substantial, and the record indicates that the trial court would have revoked the probation based on the Condition 3 violation alone. See Pollard v. State, 930 So.2d 854 (Fla. 2d DCA 2006). We remand for the trial court to strike the finding concerning the violation of Condition 5 and enter a corrected revocation order.
Affirmed and remanded with instructions.
SALCINES, J., and GALLEN, THOMAS M., Associate Senior Judge, concur.