STRINGER, Judge.
Adolfo Arturo Soliz seeks review of the trial court’s order revoking his probation. Soliz argues that the trial court abused its discretion in finding that he willfully and substantially violated conditions 10, 26, 35, and 36 of his probation. We agree that the court abused its discretion in finding a willful violation of conditions 10 and 26; however, we do not agree that the court abused its discretion in finding a willful violation of conditions 35 and 36. Because the trial court would have violated Soliz’s probation based on the violations of conditions 35 and 36 alone, we affirm the revocation of probation but remand for correction of the revocation order.
In September 2007 Soliz entered a no contest plea to the charge of lewd or lascivious molestation in exchange for a sentence of seven years of probation. In October 2007 an affidavit of violation of probation was filed charging Soliz with (1) violating condition 10 by failing to follow his probation officer’s instruction to find a residence that was farther than 1000 feet from a school, day care center, park, playground, or other place where children regularly congregate; (2) violating condition 26 by living within 1000 feet of a school, day care center, park, playground or other place where children regularly congregate; (3) violating condition 35 by failing to submit to electronic monitoring by carrying the tracking device at all times; (4) violating condition 35 by failing to charge the tracking device properly; and (5) violating condition 36 by failing to maintain a driving log. The trial court found that Soliz violated his probation as charged and sentenced him to ten years in prison. On appeal, Soliz argues that the trial court abused its discretion in finding that the violations of conditions 10, 26, 85 and 36 were willful and substantial.

*1096
Conditions 10 and, 26

The affidavit charged Soliz with violating conditions 10 and 26 of his probation by failing to follow his probation officer’s instructions to move into a residence that was farther than 1000 feet from a school, day care center, park, playground, or other place where children regularly congregate. At the revocation hearing, Soliz testified that the trial court told him he would have to find a new place to live because the home in which he was residing was located within 1000 feet of a day care center. Soliz said the court gave him thirty days to find a new location to live, but Soliz admitted that he had not moved by that time. Soliz explained that he had found a place to live before the thirty days had expired and that he had paid first and last month’s rent and a security deposit. Soliz claimed he had not moved into the new residence because it needed some repairs. It would be ready in a week or two. Soliz claimed he told his probation officer about the new residence and his probation officer told him he would go to jail if he did not move into the new residence within the thirty days. Soliz testified that he had never thought of renting a motel room by the day and he could not move in with other relatives because they lived within 1000 feet of the prohibited areas.
Soliz’s probation officer testified that Soliz never provided him an address of a potential residence. The probation officer denied having the conversation Soliz described. The trial court found that Soliz violated conditions 10 and 26 based on this testimony, but the court did not make any specific findings of fact on the issue.
It is the State’s burden to establish that a defendant has willfully and substantially violated a condition of probation. Soto v. State, 727 So.2d 1044, 1046 (Fla. 2d DCA 1999). “A defendant’s failure to comply with a probation condition is not willful where his conduct shows a reasonable, good faith attempt to comply, and factors beyond his control, rather than a deliberate act of misconduct, caused his noncompliance.” Id. The trial court’s determination that a defendant willfully and substantially violated a condition of probation is reviewed for an abuse of discretion. Thompson v. State, 974 So.2d 594, 598 (Fla. 2d DCA 2008).
In this case, the State proved that Soliz violated conditions 10 and 26 of his probation by failing to move into a residence that complied with the 1000-foot requirement within thirty days. However, Soliz’s testimony establishes that he made a reasonable, good faith attempt to comply with the 1000-foot requirement, but his relocation therein was delayed due to factors beyond his control. The probation officer’s testimony did not contradict Soliz’s testimony on this point. Thus, the State failed to establish that the violation of conditions 10 and 26 was willful. Cf. Burse v. State, 724 So.2d 596, 598 (Fla. 2d DCA 1998) (holding that violation of probation for failing to provide copy of lease was not willful because defendant’s landlord was on vacation and defendant provided landlord’s phone number and date he would return; this finding was not affected by fact defendant failed to produce the lease upon the landlord’s return); Jones v. State, 730 So.2d 349, 350-51 (Fla. 4th DCA 1999) (holding that violation of probation for moving without approval was not willful because defendant was given three days to move because of leak in upstairs apartment and attempted to contact probation officer); Thorpe v. State, 642 So.2d 629, 630 (Fla. 1st DCA 1994) (holding that defendant did not willfully violate her probation by failing to transfer the equity in her home to the victim because the defendant had attempted to transfer the title and offered to pay cash over a period of time).

*1097
Condition 35

The affidavit charged Soliz with violating condition 35 of his probation by failing to submit to electronic monitoring because he did not carry the tracking device at all times and did not charge the tracking device properly. Soliz’s probation officer testified that Soliz had twenty-one “bracelet gone notifications” and ten insufficient battery alarms. The probation officer explained that he gave Soliz a car charger for the unit after Soliz had some insufficient battery alarms, but Soliz continued to have insufficient battery alarms even after he had been given the car charger. The probation officer also testified that he was aware of two occasions when Soliz failed to carry the unit with him. The records custodian at the bracelet monitoring locale testified that an ankle bracelet can be 125 feet from the box before an alarm goes off.
Soliz testified that his alarm would go off before he was 125 feet from the box and that it would go off even when it was in the charger. However, he also admitted that he “occasionally” got too far from the monitor and that he had left the monitor on two occasions. Soliz explained that the monitor inhibited his ability to perform his job, so he removed it from his person occasionally while he was working.
The trial court found that Soliz violated condition 35 based on this testimony, but the court did not make any specific findings of fact on the issue. On appeal, Soliz argues that the trial court abused its discretion in finding that his violation of this condition was willful because, even if Soliz took the monitor off his person, he had it nearby. Soliz also argues that even though there were ten insufficient battery alarms, the evidence did not establish exactly when the alarms occurred or how many occurred after he had been provided a car charger.
Soliz’s first argument is contradicted by the probation officer’s testimony that Soliz had twenty-one “bracelet gone notifications” and the records’ custodians’ testimony that an ankle bracelet can be 125 feet from the box before an alarm goes off. Soliz’s second argument is contradicted by the probation officer’s testimony that there were insufficient battery alarms even after Soliz had been provided with a car charger. Accordingly, the trial court did not abuse its discretion in determining that this violation was willful.

Condition, 36

The affidavit charged Soliz with violating condition 36 of his probation by failing to maintain a driving log. Soliz testified that he maintained a business log but did not maintain a personal log because he was not aware he was required to do so. Soliz’s probation officer testified that he informed Soliz that he had to keep a driving log for all his hours. The trial court found that Soliz violated condition 36 based on this testimony, but the court did not make any specific findings of fact on the issue.
On appeal, Soliz argues that the trial court abused its discretion in finding that his violation of this condition was willful because he did not know he had to keep a log for personal driving. However, this testimony was contradicted by the probation officer’s testimony that he told Soliz he had to keep a driving log for all his hours. Accordingly, the trial court did not abuse its discretion in finding that that Soliz violated this condition.

Conclusion

Based on the above analysis, the trial court abused its discretion in finding that Soliz violated conditions 10 and 26 but did not abuse its discretion in finding that Soliz violated conditions 35 and 36. The court’s statements at the revocation *1098 hearing reveal that the court would have revoked Soliz’s probation based on the violations of conditions 35 and 36 alone. Accordingly, we affirm the revocation of probation in this case. See Lewis v. State, 964 So.2d 766, 767 (Fla. 2d DCA 2007). However, we remand for correction of the revocation order to eliminate the finding of a violation of conditions 10 and 26.
Affirmed and remanded.
NORTHCUTT, C.J., and WALLACE, J., Concur.