WETHERELL, J.
 

 Appellant seeks review of the revocation of his probation and resulting sentence. He argues that the trial court erred in revoking his probation 1) based solely on global positioning system (GPS) data from his electronic monitoring device, and 2) because the alleged violation was not willful and substantial. We affirm.
 

 In May 2008, Appellant was convicted of lewd or lascivious battery on a child and sentenced to one year in the county jail followed by 12 years of sex offender probation with the first year being served on community control. In July 2009, less than three months after Appellant was released on community control, an affidavit of violation was filed alleging that on June 28, 2009, Appellant was away from his approved residence in violation of his community control conditions requiring him to comply with the instructions of his probation officer and to remain confined to his residence. The only evidence presented by the state in support of the allegation that Appellant was away from his residence on June 28, 2009, was GPS data from the monitoring device that Appellant was required to wear as a condition of his community control.
 

 As he did below, Appellant argues on appeal that the GPS data was inadmissible hearsay and thus insufficient to support the finding that Appellant violated his probation. The state, in turn, argues that the GPS data was admissible under the business records exception to the hearsay rule.
 

 Hearsay is “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” § 90.801(l)(c), Fla. Stat (2009). The GPS data is clearly hearsay because it purports to show Appellant’s locations on June 28, 2009, and it is being offered for the truth of the matter asserted,
 
 i.e.,
 
 to prove that Appellant was in the locations away from his residence reflected in the GPS data.
 

 Hearsay is admissible in a probation or community control violation proceeding, but probation or community control may not be revoked solely on the basis of hearsay evidence.
 
 See Smith-Curles v.
 
 
 *887
 

 State,
 
 24 So.3d 702, 702-03 (Fla. 1st DCA 2009). Revocation may, however, be based solely upon hearsay evidence that falls within an exception to the hearsay rule.
 
 See Thomas v. State,
 
 711 So.2d 96, 97 (Fla. 4th DCA 1998) (noting that the question in such proceedings is not whether all of the evidence offered in support of revocation was hearsay, but rather whether there is evidence to support revocation that would have been admissible at a criminal trial).
 

 The business records exception to the hearsay rule provides:
 

 A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or as shown by a certification or declaration that complies with paragraph (c) and s. 90.902(11), unless the sources of information or other circumstances show lack of trustworthiness.
 

 § 90.803(6)(a), Fla. Stat. The state had the burden to lay the requisite foundation for admission of the GPS data under this hearsay exception.
 
 See Yisrael v. State,
 
 993 So.2d 952, 956 (Fla.2008) (“[T]he evi-dentiary proponent ... had the burden supplying a proper predicate to admit this evidence under an exception to the rule against hearsay.”);
 
 Pickrell v. State,
 
 301 So.2d 473, 474 (Fla. 2d DCA 1974) (“Computer printouts, like business records, are admissible if the custodian or other qualified witness is available to testify as to manner of preparation, reliability and trustworthiness of the product.”) (citations omitted);
 
 see also Jackson v. State,
 
 877 So.2d 816, 816-17 (Fla. 4th DCA 2004) (quoting Pickrell).
 

 The state laid the foundation necessary for the admission of the GPS data under the business records exception. The state presented the testimony of an employee of the monitoring company who explained how the electronic monitoring system worked and how the GPS data from the offender’s monitoring device is compiled into a computer database that the probation officer can access to track the offender’s location within an 18-foot radius. Appellant’s probation officer explained how he accessed the database and printed the exhibits introduced into evidence that showed, based upon the GPS data, that Appellant was away from his residence on June 28, 2009. The officer further testified how, on a prior occasion, he took Appellant to different locations and checked the electronic monitoring data to ensure that the information provided by the equipment was accurate.
 

 Appellant relies on
 
 Hogan v. State,
 
 583 So.2d 426 (Fla. 1st DCA 1991), in support of his contention that the exhibit containing the GPS data is inadmissible hearsay. In
 
 Hogan,
 
 we determined that laboratory reports were hearsay and not subject to the business records exception because the community control officer testified that she
 
 kept
 
 the reports as part of the course of business not that she
 
 made
 
 the reports during the course of business.
 
 Id.
 
 However,
 
 Hogan
 
 is distinguishable because in this case an employee of the monitoring company explained how the GPS data was compiled from the monitoring device and Appellant’s probation officer explained how he downloaded the information and printed reports like the exhibit received into evidence approximately every three days as a normal course of his business as a probation officer. As such, contrary to Appellant’s argument, the records are ad
 
 *888
 
 missible under the business records exception.
 

 Appellant further argues that there was insufficient evidence to support the trial court’s finding that his violation of probation was willful. Courts must consider violations on a case-by-case basis to determine whether the violation was willful and substantial by a greater weight of the evidence.
 
 State v. Carter,
 
 835 So.2d 259, 261 (Fla.2002). Here, the probation officer testified that Appellant was away from his residence and “wandering the neighborhood” on an almost daily basis, and that he had personally seen Appellant away from his residence on at least one occasion. Further, the officer testified that Appellant was aware that he was not to leave his residence and that he had warned Appellant multiple times not to leave. Considering this testimony in combination with the GPS data discussed above, the trial court did not abuse its discretion in determining that Appellant willfully and substantially violated his probation.
 

 Accordingly, we affirm the revocation of Appellant’s probation and the resulting sentence.
 

 AFFIRMED.
 

 WOLF and ROBERTS, JJ., concur.