NORTHCUTT, Judge.
Clarence Edwards was imprisoned for crimes of lewd molestation and, after finishing his sentence, began serving ten years on probation. In this case he has appealed the revocation of his probation for failing to follow the instructions of his probation officer and failing to abide by the terms of his electronic monitoring. We agree with Edwards’s assertion that the evidence was insufficient to prove the violations, and we reverse the probation revocation.
The terms of Edwards’s probation were modified several times. The final modification before this revocation required, among other things, that he comply with a “curfew 10pm-6am or as otherwise directed” by his probation officer. He was also required to “[w]ear a GPSA monitor with monthly fee.” The affidavit of violation asserted that Edwards failed to follow the instructions of his probation officer and violated a condition of his probation by failing to remain near his personal tracking device, thereby causing multiple “bracelet gone” alerts between May 16, 2008, and June 8, 2008. The probation officer who signed the affidavit averred that she had learned of these alerts from Pro Tech Monitoring.
No representative of Pro Tech Monitoring testified at the revocation hearing. The records of the company were introduced at the hearing through a correction probation specialist, but they were clearly hearsay — the evidence showed they were compiled and maintained by Pro Tech. The probation specialist, an electronic monitoring coordinator, testified that she printed out the reports from Pro Tech and determined whether a situation required an officer’s attention. Edwards’s report showed numerous “bracelet gone” alerts. Most of the alerts were less than three or four minutes’ duration, and most occurred between 10 p.m. and 4 a.m. Three of the alerts happened during late afternoon, around 4 p.m., and lasted from thirty minutes to an hour. Pro Tech’s report reflected that a company representative had contacted Edwards during one of these longer alerts and he reported that he was outside working in his yard.
*531 Edwards’s probation officer also testified about the “bracelet gone” violations. She stated that she learned of the alerts from Pro Tech’s report, which had been reviewed by the electronic monitoring coordinators. She talked to Edwards on numerous occasions about the “bracelet gone” issues. He complained that the equipment was not working properly. One time the probation officer was at Edwards’s home conducting an inspection and found the base station of his monitoring device face down on the floor, but she never testified that she was present when an alert actually occurred. The probation officer commented that Edwards expressed his frustration with the device and just seemed to have given up, telling her to send him back to prison.
The circuit court found that Edwards violated the conditions of his probation that required him to follow his probation officer’s orders and to submit to electronic monitoring. Both of these violations were grounded on the “bracelet gone” alerts, but the only evidence of the alerts was hearsay. No one from Pro Tech established that the alerts occurred or was present to authenticate the report as a business record. See Gammon v. State, 778 So.2d 390, 392 (Fla. 2d DCA 2001) (citing Thomas v. State, 711 So.2d 96, 97 (Fla. 4th DCA 1998), for the proposition that hearsay evidence falling within an exception to the hearsay rule may support a revocation of probation). Although hearsay evidence, such as Pro Tech’s report, is admissible at a probation revocation hearing, such evidence may not form the sole basis of a decision to revoke. Cuciak v. State, 410 So.2d 916, 918 (Fla.1982).
We contrast the facts of this case with those described in Ruise v. State, 43 So.3d 885 (Fla. 1st DCA 2010), in which the circuit court found a violation of community control based on GPS data compiled by a monitoring company. There the State’s witnesses included an employee of the monitoring company who explained how the GPS system worked and how the data from the system was compiled into a computer database. The testimony of the monitoring company representative qualified its reports as “business records” and was thus sufficient to establish the violation. Id. at 886-87 (also citing Thomas, 711 So.2d at 97, for the proposition that hearsay evidence that falls within an exception to the hearsay rule may support a revocation of probation); see also Soliz v. State, 18 So.3d 1094, 1097 (Fla. 2d DCA 2009) (remarking on testimony of “the records custodian at the bracelet monitoring locale”). In this case, the report was hearsay and all the evidence about Edwards’s violation stemmed from the report. Accordingly we reverse the revocation of Edwards’s probation. See Cuciak, 410 So.2d at 918.
Edwards also asserts that the State failed to prove that his violations were willful. We note that his probation officer testified that Edwards did not seem to care about the alleged bracelet alerts. This evidence suggested a certain willfulness. But Edwards and his daughter both testified that he had experienced repeated problems with malfunctioning monitoring devices. In this case, as in Correa v. State, 43 So.3d 738 (Fla. 2d DCA 2010), Edwards’s revocation was based on a disregard of the “monitoring rules”; there was no allegation or finding that he had left his home in violation of any restrictive conditions of his probation, such as his curfew. And as in Correa, we are unclear exactly what rules Mr. Edwards violated. He testified that he was asleep during most of the alleged “bracelet gone” alarms. And, indeed, Pro Tech’s report reflected that most of the alerts occurred in the late *532 evening and early morning hours. Moreover, the report showed that most of the alarms were “cleared” within a minute or so. Even if the report were admissible, no one explained how these alerts violated the terms of Edwards’s monitoring agreement.
As we remarked in Coma, “intentional disregard of the GPS monitoring rules, tampering with the equipment, or actual violations of curfew or other activity restrictions will generally amount to willful and substantial violations of the conditions imposed.” 43 So.3d at 745; see also Ruise, 43 So.3d at 888 (finding a willful violation of community control when GPS data showed that the defendant was away from his residence when his conditions required that he remain confined to that residence and that he was wandering the neighborhood on a daily basis). But if the rules violations result from “equipment problems or the subject’s unintentional failure to operate the equipment properly,” such noncompliance does not rise to the level of a willful and substantial violation of probation. Correa, 43 So.3d at 745.
Reversed.
DAVIS and SILBERMAN, JJ., Concur.