NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DARROLL E. EVELAND, JR.,                )
                                        )
            Appellant,                  )
                                        )
v.                                      )        Case No. 2D15-3051
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
                                        )
_____ )

Opinion filed April 1, 2016.

Appeal from the Circuit Court for
Hillsborough County; Caroline J. Tesche,
Judge.

Howard L. Dimmig, II, Public Defender,
and Brooke Elvington, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


SLEET, Judge.

        Darroll Eveland, Jr., appeals the order revoking his community control and

the resulting three-year prison sentence.  Because the State relied solely on hearsay

evidence to prove the violations and there was no evidence that the violations were

willful or substantial, we reverse.

On December 16, 2013, Eveland pleaded guilty to aggravated battery with great bodily harm in exchange for a negotiated sentence of two years' community control and five years' probation. The State filed a violation affidavit on April 21, 2015, based on several "bracelet gone" alerts reported on Eveland's electronic monitoring equipment.

At the hearing on the State's affidavit of violation, Eveland's community control officer testified that each time an alert occurred the monitoring device sent an alert to Eveland and that Eveland responded by pressing a button on a device located inside his home within minutes. The officer explained that this meant that Eveland returned to his home zone within minutes of each violation. The State also submitted a DVD of the electronic monitoring records showing Eveland's movements on the dates of the alleged violations. Eveland testified at the hearing and stated that he was home on the dates of the alleged violations; that he received the alerts while inside his home, working on his truck in the driveway, and mowing his yard; and that the system had previously been replaced about five times because of equipment issues. The trial court found that Eveland willfully and substantially violated the condition that he remain confined to his home, revoked his community control, and sentenced him to three years' prison.

We review an order revoking community control for an abuse of discretion. Correa v. State, 43 So. 3d 738, 743 (Fla. 2d DCA 2010). Although hearsay evidence is admissible at a revocation hearing, "such evidence may not form the sole basis of a decision to revoke." Edwards v. State, 60 So. 3d 529, 531 (Fla. 2d DCA 2011). As in Edwards, the State relied solely on the testimony of Eveland's community control officer to authenticate the electronic monitoring records. In Edwards, we explained that

although "hearsay evidence falling within an exception to the hearsay rule may support a revocation of probation," the testimony of a probation officer was not sufficient to authenticate the reports of the monitoring companies as business records. Id. (citing Gammon v. State, 778 So. 2d 390, 392 (Fla. 2d DCA 2001)).

On appeal, the State argues that the electronic monitoring records fell within the business records exception to the hearsay rule because it filed a notice of intent to rely on a business record prior to the revocation hearing and Eveland failed to object. See § 90.803(6)(c), Fla. Stat. (2014). Pursuant to section 90.803(6)(c), a party may establish a foundation for the admission of business records by certification or declaration. Allen v. State, 162 So. 3d 1055, 1057 (Fla. 2d DCA 2015). When a party intends to rely on a certification or declaration it must give reasonable notice, and "[a] motion opposing the admissibility of such evidence must be made by the opposing party and determined by the court before trial. A party's failure to file such a motion before trial constitutes a waiver of objection to the evidence." § 90.803(6)(c). The State contends that because Eveland failed to file an objection to its notice before the hearing, he waived any objection to reliance on the records as an exception to the hearsay rule. The State is correct that Eveland did not file an objection to the notice prior to the hearing, although he did make hearsay objections to the monitoring records at the hearing. However, the State's notice failed to satisfy the requirements of section 90.803(6)(c) for the admission of the electronic monitoring records as an exception to the hearsay rule.

In Yisrael v. State, 993 So. 2d 952, 957 (Fla. 2008), the supreme court explained that a party may "establish the business-records predicate through a certification or declaration that complies with sections 90.803(6)(c) and 90.902(11),

Florida Statutes (2004)."  The supreme court held that the certification or declaration must state, under penalty of perjury, that the record:

> (a)  Was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person having knowledge of those matters;
>
> (b)  Was kept in the course of the regularly conducted activity; and
>
> (c)  Was made as a regular practice in the course of the regularly conducted activity[.]

Yisrael, 993 So. 2d at 957 (alteration in original) (quoting § 90.902(11)).  In this case, the State's notice merely set forth its intention to rely on the monitoring records at the hearing.  It did not include any of the required statements pursuant to either statute, and the State did not separately file a certification or declaration that would establish a predicate for the admission of the monitoring records under the business records exception to the hearsay rule.  "If evidence is to be admitted under one of the exceptions to the hearsay rule, it must be offered in strict compliance with the requirements of the particular exception."  Id. (quoting Johnson v. Dep't of Health & Rehab. Servs., 546 So. 2d 741, 743 (Fla. 1st DCA 1989)).  Because the State failed to lay a predicate for the records, either through the testimony of a custodian, stipulation, certification, or declaration, the monitoring records were hearsay.  As we explained in Edwards, "[a]lthough hearsay evidence . . . is admissible at a . . . revocation hearing, such evidence may not form the sole basis of a decision to revoke."  60 So. 3d at 531.  Because the State's only evidence in this case was hearsay, we reverse the revocation of Eveland's community control.

Eveland also argues that the State failed to prove that his violations were willful or substantial.  We agree.  Eveland testified that he was at home at the time of

each alert. There was no testimony or evidence offered in this case that Eveland failed to answer a call from the monitoring company or his community control officer, and it was undisputed that Eveland pressed the button on the device located in his home within a minute or two of the alarm each time. Furthermore, Eveland testified that his monitoring equipment had previously been replaced about five times as a result of equipment problems. See Correa, 43 So. 3d at 741 ("The failures in GPS monitoring systems frequently take the form of false alerts."). In Correa, this court explained that "where . . . the apparent noncompliance with the rules [of electronic monitoring] results from equipment problems or the subject's unintentional failure to operate the equipment properly, the noncompliance with the rules does not rise to the level of a willful and substantial violation of probation or community control." Id. at 745.

The State presented no evidence that Eveland intentionally absented himself from his home zone or tampered with the monitoring equipment, and the State did not explain how any of the alerts violated the terms of Eveland's supervision. There was no evidence that Eveland was anywhere other than on his property engaging in approved activities at the time of the alerts. See Edwards, 60 So. 3d at 532; Jackson v. State, 785 So. 2d 524, 526 (Fla. 4th DCA 2000) (reversing a revocation order based on the defendant walking into the front yard of her home and explaining that "[i]t is certainly reasonable to conclude that [the defendant] . . . believed she was not violating her condition of community control by stepping outside and remaining on the premises of her residence"). The trial court's finding that the violations were willful and substantial was not supported by competent substantial evidence in this case. Therefore, the trial court abused its discretion when it revoked Eveland's community control.

We reverse the order revoking Eveland's community control and his subsequent prison sentence.  Because Eveland has already completed the community control portion of his supervisory sentence, we remand for the trial court to vacate the prison sentence and to reinstate Eveland's probation.

Reversed and remanded with instructions.

KHOUZAM and LUCAS, JJ., Concur.