IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES JUSTIN CHANNELL,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3859

_____/

Opinion filed October 4, 2016.

An appeal from the Circuit Court for Escambia County.
J. Scott Duncan, Judge.

Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Bureau Chief, and Jillian
H. Reding, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

    Appellant appeals his judgment and sentence imposed following a hearing at

which the trial court determined Appellant had violated his probation.  We reverse.

On March 12, 2015, Appellant entered a negotiated plea of nolo contendere to the charge of child abuse without causing great bodily harm, permanent disability, or permanent disfigurement. He was sentenced to sixty days in jail followed by three years of probation. As a condition of his probation, Appellant was instructed to wear an active Global Positioning System ("GPS") ankle bracelet that would permit the probation office to monitor his daily movements, since he was prohibited from entering into certain areas of the surrounding neighborhood where the victim resided. For this purpose, Appellant not only received the ankle bracelet, but also a hand-held monitor with which he could call the probation office and receive calls from the monitoring center should there be an alert. On April 14, 2015, the state filed an eleven-count affidavit alleging ten counts of Appellant's having violated condition (10) of his probation for failing to submit to electronic monitoring, as evidenced by "bracelet gone" alerts received by the GPS monitoring company and reported to the probation office, and a violation of condition (9) for Appellant's failing to have complied with all instructions given by his probation officer. Following an evidentiary hearing, the trial court found Appellant guilty of violating only four of the counts concerning the "bracelet gone" alerts and entered an order to that effect. It then sentenced Appellant to eleven months and fifteen days in jail with credit for time served, plus two years of community control to be followed by two years of probation.

On appeal, Appellant argues the state's evidence was insufficient to prove the violations because it was based solely on hearsay. To be exact, Appellant claims the state did not lay the proper foundation for the introduction of the GPS notes from which his probation officer testified to account for the "bracelet gone" alerts. We concur. It is axiomatic that "[h]earsay is admissible in a probation or community control violation proceeding, but probation or community control may not be revoked solely on the basis of hearsay evidence." Ruise v. State, 43 So. 3d 885, 886-87 (Fla. 1st DCA 2010) (citing Smith-Curles v. State, 24 So. 3d 702, 702-03 (Fla. 1st DCA 2009)). "Revocation may, however, be based solely upon hearsay evidence that falls within an exception to the hearsay rule." Id. at 887 (citing Thomas v. State, 711 So. 2d 96, 97 (Fla. 4th DCA 1998)). Accord Eveland v. State, 189 So. 3d 990, 991-92 (Fla. 2d DCA 2016); Edwards v. State, 60 So. 3d 529, 531 (Fla. 2d DCA 2011).

In Ruise, the only evidence the state presented in support of the allegation that Ruise was away from his residence was GPS data from the monitoring device he was required to wear as a condition of his community control. We held the data was "clearly hearsay" because it purported to show Ruise's locations on a particular date, and it was being offered for the truth of the matter asserted, i.e., to prove that Ruise was in the location away from his residence as reflected in the GPS data. 43 So. 3d at 886; see also § 90.801(1)(c), Fla. Stat. (2014) (defining hearsay as "a statement,

other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). We nonetheless affirmed because we concluded the state had laid a proper predicate under section 90.803(6)(a), Florida Statutes (2014)—the business records exception to the hearsay rule—by presenting the testimony of an employee of the monitoring company who explained how the electronic monitoring system operated and how the GPS data from Ruise's monitoring device was compiled into a computer database that the probation officer could access to track Ruise's location. 43 So. 3d at 887.

In the present case, the probation officer testified regarding the "bracelet gone" alerts from notes she had compiled from information received from the monitoring company. The state, however, did not have a witness from the monitoring company to testify that the alerts had actually occurred or to authenticate the notes from which the probation officer had testified. Such a witness would have been vital to proving a "business record" exception to the hearsay rule as contemplated in section 90.803(6)(a). Therefore, we hold the facts in Ruise to be distinguishable.

The circumstances in the present case, rather, compare more favorably to those in Edwards, in which "[t]he affidavit of violation asserted that Edwards failed to follow the instructions of his probation officer and violated a condition of his probation by failing to remain near his personal tracking device, thereby causing

4

multiple 'bracelet gone' alerts . . . ." 60 So. 3d at 530. The probation officer who signed the affidavit averred that she had learned of the alerts from the monitoring company. However, no representative of the monitoring company testified at the revocation hearing. The records were introduced at the hearing through a probation specialist, but the evidence showed they actually had been compiled and maintained by the company. The probation officer, an electronic monitoring coordinator with the probation office, testified she printed out the reports from the company and determined whether a situation required an officer's attention. The Second District Court of Appeal noted:

> The circuit court found that Edwards violated the conditions of his probation that required him to follow his probation officer's orders and to submit to electronic monitoring. Both of these violations were grounded on the "bracelet gone" alerts, but the only evidence of the alerts was hearsay. No one from Pro Tech [the monitoring company] established that the alerts occurred or was present to authenticate the report as a business record.

Id. at 531. The Second District contrasted those facts with the ones in Ruise and concluded that while hearsay evidence, such as the report submitted from the monitoring company, was admissible at a probation revocation hearing, it impermissibly formed the sole basis of the decision to revoke. Id. (citing Cuciak v. State, 410 So. 2d 916, 918 (Fla. 1982)). Consequently, it reversed the revocation of Edward's probation because "the report was hearsay and all the evidence about Edward's violation stemmed from the report." Id. Accord Eveland, 189 So. 3d at

5

992 (holding, "[b]ecause the State failed to lay a predicate for the records, either through the testimony of a custodian, stipulation, certification, or declaration, the monitoring records [regarding the "bracelet gone" alerts] were hearsay"). Likewise, we conclude that revocation of Appellant's probation must be reversed given that the state failed to lay a proper foundation for the evidence of Appellant's alleged violations under the business records exception to the hearsay rule, and because all of the evidence concerning Appellant's alleged violations stemmed from hearsay.

Appellant also argues that the state failed to prove his violations were willful and substantial. We agree with this contention, too. As was true in Edwards, here the record shows the alerts were typically cleared within a reasonable time. Nor was there evidence of "'intentional disregard of the GPS monitoring rules, tampering with the equipment, or actual violations of curfew or other activity restrictions [that] will generally amount to willful and substantial violations of the conditions imposed.'" 60 So. 3d at 532 (quoting Correa v. State, 43 So. 3d 738, 745 (Fla. 2d DCA 2010)); see also Eveland 189 So. 3d at 993. As the Second District said in Edwards, "if the rules violations result from 'equipment problems or the subject's unintentional failure to operate equipment properly,' such noncompliance does not rise to the level of a willful and substantial violation of probation." 60 So. 3d at 532 (quoting Correa, 43 So. 3d at 745). Similarly, in the present case, we have determined that the evidence did not rise to the quantum of proof necessary to

6

demonstrate Appellant willfully and substantially violated his probation. Even the trial court referred to Appellant's behavior as being in most instances merely "careless."

For the reasons just expressed, we REVERSE the order of revocation of probation and REMAND for further proceedings.

B.L. THOMAS, WINOKUR, and JAY, JJ., CONCUR.