# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1307
Lower Tribunal No. 16-1233A
_____

**D.D., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Teresa Mary Pooler, Judge.

Carlos J. Martinez, Public Defender, and Stephen J. Weinbaum, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before SCALES, LINDSEY, and HENDON, JJ.

*ON PARTIAL CONFESSION OF ERROR*

HENDON, J.

D.D., a juvenile, appeals from the trial court's order revoking his probation for violating conditions of his probation and imposing a new term of probation with conditions. We reverse and remand for the entry of an order consistent with the trial court's oral pronouncements.

The State filed an amended affidavit and petition for violation of probation, alleging that D.D. violated several conditions of his probation. At the violation of probation hearing, the State called two witnesses—D.D.'s case manager at the school D.D. attends and D.D.'s juvenile probation officer. At the conclusion of the hearing, the trial court orally ruled that the State established by a preponderance of the evidence that D.D. willfully and substantially violated the conditions of his probation by failing to submit to a random drug test, failing to comply with his curfew, failing to attend school as required, and failing to follow school rules.

Following its oral pronouncements, the trial court entered a written order that did not specify the conditions of probation that D.D. violated, but merely stated that D.D. had "violated the terms of the Probation program, to wit: Non Law Violation." The trial court revoked D.D.'s probation, and entered a new disposition order withholding adjudication and placing D.D. on probation once again with new conditions. D.D.'s appeal followed.

D.D. argues that the trial court erred by finding that he violated conditions of his probation where the finding was based solely on hearsay. We disagree.

2

"While hearsay that is normally inadmissible in a criminal trial may be admitted in [violation of probation] proceedings, it may not constitute the sole basis for finding a violation of probation." M.A.L. v. State, 110 So. 3d 493, 498 (Fla. 4th DCA 2013); see also A.J.D. v. State, 842 So. 2d 297, 298 (Fla. 3d DCA 2003) ("It is clear that hearsay is admissible in revocation proceedings, however, it cannot be the sole basis for revocation.").

Based on our independent review of the transcript of the violation of probation hearing, the trial court's oral rulings that D.D. violated certain conditions of his probation were not based solely on hearsay. Rather, the State introduced sufficient non-hearsay evidence to sustain the trial court's oral pronouncement as to D.D.'s violation of the terms of his probation, including the witnesses' testimony as to what they personally observed and statements made by D.D. to his case manager at the school D.D. attends. See Ruise v. State, 43 So. 3d 885, 886-87 (Fla. 1st DCA 2010) ("Hearsay is admissible in a probation or community control violation proceeding, but probation or community control may not be revoked solely on the basis of hearsay evidence. Revocation may, however, be based solely upon hearsay evidence that falls within an exception to the hearsay rule.") (citations omitted). Thus, we conclude that the evidence presented at the violation of probation hearing was sufficient to sustain the trial court's oral pronouncement that D.D. violated specific conditions of his probation. However, based on the

3

State's proper confession of error, we reverse the order under review as it fails to specify the conditions that D.D. violated, and we remand for the entry of a written order specifying the conditions of probation it found that D.D. violated. See T.M. v. State, 233 So. 3d 1275, 1275 (Fla. 3d DCA 2017) (holding that "the law is well-settled: if the trial court revokes a juvenile's probation, the court is required to render a written order setting forth the conditions of probation that were violated. If no such written order was rendered, it is appropriate to remand the case to the trial court for entry of an appropriate order").

Reversed and remanded.