# Third District Court of Appeal

## State of Florida

Opinion filed April 9, 2025.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D23-1682
Lower Tribunal No. F09-1244

————————

**Daniel Joseph Quigley,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Carlos J. Martinez, Public Defender, and Amy Weber, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before EMAS, FERNANDEZ and MILLER, JJ.

PER CURIAM.

Affirmed. See § 90.803(6), Fla. Stat. (2025) (providing that "[r]ecords of regularly conducted business activity" are admissible as evidence even though the declarant is available as a witness, so long as it is established that the acts, events, conditions, opinion, or diagnosis contained therein are "made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation"); § 90.803(7), Fla. Stat. (2025) (providing for the admissibility of the absence of an entry in records of regularly conducted activity: "Evidence that a matter is not included in the memoranda, reports, records, or data compilations, in any form, of a regularly conducted activity to prove the nonoccurrence or nonexistence of the matter, if the matter was of a kind of which a memorandum, report, record, or data compilation was regularly made and preserved, unless the sources of information or other circumstances show lack of trustworthiness."); see also D.D. v State, 271 So. 3d 1176, 1177 (Fla. 3d DCA 2019) (reaffirming that "revocation [of probation] may . . . be based solely upon hearsay evidence that falls within an exception to the hearsay rule") (quoting Ruise v. State, 43 So. 3d 885, 886-87 (Fla. 1st DCA 2010)("Hearsay is admissible in a probation or community control violation

2

proceeding, but probation or community control may not be revoked solely on the basis of hearsay evidence.") (additional citation omitted); <u>Thomas v. State</u>, 711 So. 2d 96, 97 (Fla. 4th DCA 1998) (noting that the question in such proceedings is not whether all of the evidence offered in support of revocation was hearsay, but rather whether there is evidence to support revocation that would have been admissible at a criminal trial).